## FREEO VALLEY RAILROAD COMPANY v. HODGES.

Opinion delivered November 18, 1912.

1. RAILROADS—RIGHT TO SURRENDER CHARTER.—Kirby's Digest, § 957, providing that "any corporation may surrender its charter by resolution

adopted by the majority in value of the holders of the stock thereof, and a certified copy of such resolution filed in the office of the Secretary of State, and a copy thereof filed in the office of the county clerk of the county in which such corporation is organized, shall have effect to extinguish such corporation," is not applicable to railroad corporations, but only to corporations which are required to file a copy of their articles and certificate with the county clerk. (Page 316.)

2.  SAME—RIGHT TO SURRENDER CHARTER.—Railroad corporations have powers not enjoyed by strictly private corporations, and are required to perform public duties which private corporations do not owe, and therefore are not authorized to surrender their charters. (Page 317.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; affirmed.

*Gaughan & Sifford,* for appellant.

The words "any corporation," by their terms include railroad corporations as well as any others. Kirby's Dig., § 957. To hold that the words as used do not include railroad corporations, it would be necessary to set aside the plain and well-known meaning of the word "any," and add to the act as written the words, "except railroad corporations." This the courts can not do. 72 Ark. 201; 89 Ark. 517; 65 Mich. 244; Endlich, Interpretation of Statutes, § 22; 1 T. R. 52; 6 Moore, P. C. 1; 117 U. S. 567, 579; 88 Ark. 588; 100 Ark. 467, 474; Black on Interpretation of Laws, Hornbook Series, 35.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

When the whole of the act of April, 12, 1893, of which the statute relied on is section 4, is read, the conclusion is inevitable that the act applies only to insolvent corporations, and that the purpose of the act was to provide a forum for winding up the affairs of such corporations. The words "any corporations" in section 4 include any corporations mentioned in the act—insolvent corporations.

A railroad corporation can not surrender its charter without the consent of the granting power. It would be unreasonable to have a State Board of Railroad Incorporation, authorized to investigate the whole situation, exercise discretion and consider the interests of the public before granting a charter for a railroad, and then permit such railroad to surrender it, in disregard of the contract resulting from such

charter, without any reason or excuse, except that such corporation desires to renounce its obligations to the public and the State.   Kirby's Dig., § § 6545, 6546; 41 L. R. A. 515; 45 L. R. A. 837; 29 Conn. 597; 1 Elliott on Railroads, (2 ed.), § 608; 93 Wis. 604; 7 Gray (Mass.) 393; Angell & Ames on Corporations, § 127 *et seq.*; 2 Kent, Com. (6 ed.), 280; 1 Ves. & B. 226, 240, 244; 2 Bland, 142.

HART, J.  Appellant, Freeo Valley Railroad Company, is a railroad corporation organized under the laws of the State of Arkansas, and, as such, presented, to the Secretary of State a certified copy of a resolution adopted by its stockholders for the purpose of surrendering its charter, claiming that it had a right to do so under section 957, Kirby's Digest.  The Secretary of State declined to file the resolution.  Appellant then filed a petition in the Pulaski Circuit Court asking for a writ of mandamus against the Secretary of State to compel him to do so.  To this petition the appellee filed a demurrer, which was sustained by the circuit court.  The case is here on appeal.

The only issue raised by the appeal is, can appellant surrender its charter by complying with section 957, Kirby's Digest?  It is as follows:  "Any corporation may surrender its charter by resolution adopted by the majority in value of the holders of the stock thereof and a certified copy of such resolution filed in the office of the Secretary of State, and a copy thereof filed in the office of the county clerk of the county in which such corporation is organized shall have effect to extinguish such corporation."

It is contended that the words "any corporation," as used in the act, include railroad corporations.  In the absence of a statute on the subject, the decided weight of authority is that strictly private corporations may surrender their charters and dissolve themselves except so far as creditors have a right to object.  On the other hand, railroad corporations are invested with certain powers not enjoyed by strictly private corporations, and they also are required to perform certain duties to the public which the latter do not owe.  Elliott on Railroads, § 608.

It will be presumed that the Legislature had knowledge of the state of the law as it existed at the time the act in ques-

tion was passed. The section of the act under consideration is a part of an act of the Legislature in regard to the dissolution of corporations. The act was passed April 12, 1893. At that time there was no board of railroad incorporation. Railroad corporations could be organized by the persons desiring to form such corporations complying with the requisites of the statute and filing their articles of association with the Secretary of State. Manufacturing and other business corporations were required to file their articles of association and certificate with the county clerk of the county in which the corporation was to have its principal place of business, and then to file said articles and certificate bearing the indorsement of the county clerk in the office of the Secretary of State. The act provides that said certificate shall be recorded by the county clerk and Secretary of State in books kept by them for that purpose. Kirby's Digest, § 845. The section of the act under consideration provides that any corporation may surrender its charter by filing a certified copy of the resolution with the Secretary of State and a copy thereof with the county clerk of the county in which such corporation is organized.

"Such" is defined by Webster as "having the particular quality or character specified; certain; representing the object as already particularized in terms which are not mentioned." That is to say, it is used in the sense of previously mentioned or specified. It is evident then that the word "such" has reference solely to any corporation which was authorized and directed to file its articles of association with the county clerk by the act under which it was incorporated. As we have seen, manufacturing and business corporations alone are required to file their articles of association and certificate with the Secretary of State and also with the clerk of the county court of the county in which they are organized. Therefore, the phrase "in which such corporation is organized" limits the words "any corporation" to corporations which are required to file a copy of their articles and certificate with the clerk of the county in which the incorporation is to have its principal place of business, and such corporations, being corporations formed for manufacturing and other business purposes, alone have the right to surrender their charters

without the consent of the State, and the act in question was for the purpose of providing a method by which voluntary dissolution should be made.

The judgment will be affirmed.