## CLOW *v.* WATSON.

### Opinion delivered June 12, 1916.

1. APPEAL AND ERROR—SUFFICIENCY OF COMPLAINT ON APPEAL.—The issue of whether the allegations of a complaint are sufficient to support a judgment, will be considered by the Supreme Court, only on an appeal from a judgment by default.

2. APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS OR MOTION FOR NEW TRIAL—PRESUMPTION AS TO THE PROOF.—Where there is no bill of exceptions and no motion for new trial, this court will presume that every fact susceptible of proof that could have aided plaintiff's case was fully established.

3. JUDGMENTS—PRESUMPTION AS TO VALIDITY.—Every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it appear affirmatively that it is erroneous.

4. PLEADING AND PRACTICE—COMPLAINT—CURE OF DEFECTS.—In an action in which the trial court has jurisdiction of both the subject-matter and of the defendant, it is not necessary that the complaint should state a cause of action in every particular, for if it contains the substance of a cause of action imperfectly stated, the presumption is that the defects in the complaint were cured by the proof at the trial.

5. APPEAL AND ERROR—FAILURE TO OBJECT TO TESTIMONY—PRESUMPTION—AMENDMENT TO CONFORM TO PROOF.—Where no objections were made to any evidence introduced by plaintiff, the complaint will be considered as amended to conform to the proof.

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; affirmed.

*Z. M. Horton,* for appellant. *Allyn Smith,* of counsel.

1. The amended complaint stated no cause of action. Its allegations are not sufficient to authorize the judgment. 10 Kans. 131; Kirby's Digest, § 6096; 67 Ark. 184; 82 *Id.* 196; 49 N. Y. 261.

*S. W. Woods,* for appellee.

1. The court had jurisdiction and the complaint stated a cause of action. There was no motion for a new trial and no bill of exceptions. Appellant makes no showing at all for a reversal. 67 Ark. 426; 62 *Id.* 431; 59 *Id.* 215.

2. There were no objections shown to any evidence or ruling. By failing to object defendant waived any defects. 63 Ark. 510.

3. The answer supplied and cured all defects. 37 Ark. 551; 60 *Id.* 70; 77 *Id.* 1; 97 *Id.* 508; 82 *Id.* 188.

4. If the complaint was not sufficiently definite and certain, the remedy was by motion to make it so, not by demurrer. 52 Ark. 378; 87 *Id.* 136; 31 *Id.* 657; 56 *Id.* 629.

5. By pleading to the merits defendant waived all objections. 44 Ark. 202; 92 *Id.* 297.

HART, J. Chas. A. Watson employed G. C. Clow to act as his agent in the purchase of a tract of land. He sued Clow to recover $200, which he claimed that the latter received from him to be used in payment of the land and converted it to his own use. The case was tried before a jury which returned a verdict for Watson in the sum of $200, and from the judgment rendered Clow has appealed.

(1-2) It is insisted by counsel for defendant that the judgment should be reversed because the allegations of the complaint are not sufficient to authorize the judgment, and this being the only assignment of error relied upon for reversal of the judgment, counsel has set out the complaint in full. It is only in cases of appeal from a judgment by default that the question for the consideration of the supreme court is whether the allegations of the complaint are sufficient to authorize the judgment. *Neimeyer* v. *Claiborne,* 87 Ark. 72; *Euper* v. *State,* 85 Ark. 223. In the instant case there was no motion for a new trial and no bill of exceptions. Under such circumstances this court will presume that every fact susceptible of proof that could have aided plaintiff's case was fully established.

(3) The salutary rule of law is that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it appear affirmatively that it is erroneous. *McKinney* v. *Demby,* 44 Ark. 74; *Young* v. *Vincent,* 94 Ark. 115. Hence we

must presume that the judgment below is right if the complaint states a cause of action.

(4-5) The court had jurisdiction of the subject matter and of the person of the defendant. It is not necessary that the complaint should state a cause of action in every particular, for if it contains the substance of a cause of action imperfectly stated, the presumption would be that the defects in the complaint were cured by the proof at the trial. *Sorrels* v. *Self, Admr.,* 43 Ark. 451. So far as the record discloses there was no objection made to any evidence introduced by plaintiff and in such cases the well-settled rule in this State is that the complaint will be considered as amended to conform to the proof. *Townsley* v. *Yentsch,* 98 Ark. 312; *Citizens Fire Ins. Co.* v. *Lord,* 100 Ark. 212; *Pulaski Gas Light Co.* v. *McClintock,* 97 Ark. 576; *Griffin* v. *Anderson-Tully Co.,* 91 Ark. 292; *Wrought Iron Range Co.* v. *Young,* 85 Ark. 217; *Roach* v. *Richardson,* 84 Ark. 37. In the application of this settled rule of law it is not necessary to set out the complaint and it follows that the judgment must be affirmed.