PRICE *v*. HARTZELL.

Opinion delivered September 30, 1918.

1. APPEAL AND ERROR—PRESUMPTION AS TO SERVICE OF PROCESS.—Where the transcript on appeal shows that service was had upon appellant who was an infant defendant, and the decree recites that appellant was duly served with process, and that the cause was heard upon the complaint, answer of the guardian *ad litem*, original note and mortgage *and other evidence*, and the other evidence is not set out in the transcript, it will be presumed either that appellant was over 14 years of age or, if under that age, that a copy of the summons was served upon her father, guardian, mother, or person having control over her or with whom she lived, as required by Kirby's Dig., § 6049.

2. INFANTS—SUFFICIENCY OF ANSWER.—The statute requiring a specific denial by guardian of all the allegations of a complaint prejudicial to an infant defendant (Kirby's Dig., § 6107) is not complied with by a denial of "each and every allegation of the complaint not specifically admitted, qualified or denied."

3. APPEAL AND ERROR—PRESUMPTION—FAILURE TO SET FORTH EVIDENCE.—Where the transcript on appeal in a chancery case does not purport to set forth all the evidence, a failure of a guardian *ad litem* of an infant defendant to deny all the material allegations of the complaint prejudicial to such defendant will not be presumed to be prejudicial.

4. INFANTS—DUTY OF GUARDIAN TO PRESERVE EVIDENCE.—Kirby's Dig., § 6023, providing that "no judgment can be rendered against an infant until after a defense by a guardian," and *Id.*, § 6107,

making it the duty of a guardian *ad litem* of an infant defendant "to file an answer denying the material allegations of the complaint prejudicial to such defendant," do not require such guardian to preserve the evidence in the record.

5.  APPEAL AND ERROR—HARMLESS ERROR.—Where several mortgages were being foreclosed, the failure of an infant defendant's guardian to ask for a marshaling of assets to protect the property of such defendant was not prejudicial error where it does not appear that the whole of the property mortgaged did not exceed the indebtedness in value.

Appeal from Arkansas Chancery Court; *Jno. M. Elliott,* Chancellor; affirmed.

*Geo. C. Lewis,* for appellant.

1.  Appellant was only ten years old when the summons was delivered to her and no copy was served on her father, guardian, mother or other person in control of her. The court acquired no jurisdiction although the record recites that each of the defendants was duly served with process. 22 Cyc. p. 680 § 7; 83 Ark. 201; 124 *Id.* 331; 96 Pac. 1005; 18 L. R. A. (N. S.) 405. See also 22 Cyc., note 50; 1 Duv. (Ky.), 251; 115 Ark. 220, 64 *Id.* 500; 22 *Id.* 342; 35 *Id.* 502; Rose's Dig., 847, 51; 30 Ark. 437; 42 *Id.* 18; 34 *Id.* 682; 126 *Id.* 120; 39 *Id.* 237.

2.  Lack of service on an infant in the statutory manner, is a jurisdictionally fatal defect that cannot be cured by the appointment and defense of a guardian *ad litem.* 14 R. C. L. 285; 22 Cyc. 678; Black on Judgm., § 194.

3.  The guardian made only a perfunctory defense. 44 Ark. 244; 107 *Id.* 6.

4.  The guardian should have asked for a marshalling of assets. 72 Ark. 412. It was the duty of the chancellor to see that proper defense was made. 60 Ark. 532; 107 *Id.* 7.

*John L. Ingram,* for appellee.

1.  The record shows proper service on the minor in the manner prescribed by law. 72 Ark. 256; 63 *Id.* 513; Kirby's Digest, § § 4424-5, 6049. The record does not show that appellant was under 14 years of age. Due serv-

ice may have been shown by "other evidence." 63 Ark. 513.

2. The judgment is presumed to be right unless affirmatively shown to be erroneous. 124 Ark. 388.

3. A proper defense was made by the guardian. Kirby's Digest § § 6023, 6107. He filed an answer and evidence was heard. *Ib.* § 6107.

4. It does not appear that marshaling of assets was necessary or would have aided appellant.

HUMPHREYS, J. Appellee instituted suit against appellant, a minor, and others, in the Arkansas Chancery Court to recover a judgment against W. M. Price and to foreclose two mortgages on certain real estate in Arkansas County, executed by W. M. Price and wife to secure an indebtedness of $3,000 and interest. The complaint alleged the execution of the note and mortgages, the breach of the conditions thereof, and that appellant claimed an interest in a part of the lands as alienee of W. M. Price, but that the conveyance was in fact subsequent to the mortgage and made subject to it. Summons was issued against all the defendants, and return made thereon by the sheriff showing that he delivered a copy of the writ and stated the substance thereof to certain of them, including appellant. A guardian *ad litem* was appointed for appellant, who made denial of the indebtedness and execution of the note and mortgages. The answer also included the following clause, "And denies each and every allegation of the complaint not specifically admitted, qualified or denied." Thereafter a judgment was rendered against W. M. Price for $3,800.54, and a foreclosure of the mortgage lien and a sale of the lands was decreed to pay the amount. The decree contained a recital that appellant was duly and legally served with process of the court by summons for the time and in the manner required by law; also that the cause was heard upon the complaint, the answer of the guardian *ad litem,* original note and mortgages, and *other evidence.* One of the findings in the decree was to the effect that appellant

acquired an interest in a certain parcel of the land described in the mortgage by conveyance from W. M. Price subsequent to and subject to the mortgage.

An appeal from the decree has been prosecuted to this court by Ernest R. Price, appellant's father and natural guardian.

It is insisted that appellant was only ten years of age when summons was delivered to her, and that the court acquired no jurisdiction over her because a copy of the summons was not served on her father, guardian, mother or person having control of her or with whom she lived. It is true that a copy of a summons must be served, not only upon a minor if under 14 years of age, but also upon the father or guardian; and, if neither can be found, upon the mother, or, if she cannot be found, then the person having control of or with whom the minor at the time lived. But it is also provided in the same section that "where the infant is over 14 years of age service on him shall be sufficient." Kirby's Digest, sec. 6049. This case came to us on appeal, and must be decided on the record made below. The record is silent as to the exact age of appellant. There is a recital in the decree to the effect that appellant was served in the manner provided by law. There is also a recital to the effect that the cause was heard upon "other evidence." This evidence has not been brought into the record. It must be presumed either that appellant was over 14 years of age or that the minor was under 14 years of age and that a copy of the summons was served upon her father or guardian, her mother, if they could not be found, or, in case she could not be found, upon the person who had control of her, or with whom she lived at the time, else the court could not have found that the appellant had been served in the manner provided by law. This recital in the decree must control on appeal where there is nothing in the record contradictory thereof. Section 4425, Kirby's Digest; *White* v. *Smith*, 63 Ark. 513.

It is also urged as a cause for reversal that the guardian did not deny all the material allegations of the com-

plaint prejudicial to appellant. The only allegation contained in the complaint prejudicial to appellant not specifically denied is the one alleging that the conveyance by which she acquired an interest in a portion of the mortgaged land was subsequent in point of time and subject to the mortgage. No denial was made of this allegation unless put in issue by that clause quoted above denying every allegation of the complaint not specifically admitted, qualified or denied. This language within itself amounts to no denial at all, but it was treated by the court in this case as putting that material allegation in issue. The court made a specific finding to the effect that appellant acquired that portion of the mortgaged property described in her deed after the execution and delivery of the note and mortgage and that the conveyance was made to her subject to the mortgage liens. The cause was heard upon evidence not brought into the record by bill of exceptions, and we must presume in favor of the findings of the court contained in the decree. It has been laid down as a salutary rule by this court that ''every judgment of a court of competent jurisdiction is presumed to be right unless the aggrieved party will make it appear affirmatively that it is erroneous.'' *McKinney* v. *Demby*, 44 Ark. 74; *Young* v. *Vincent*, 94 Ark. 115; *Clow* v. *Watson*, 124 Ark. 388.

It is complained that the guardian *ad litem* did not take steps to preserve the evidence adduced at the trial.

It is provided in section 6023 of Kirby's Digest that ''no judgment can be rendered against an infant until after a defense by a guardian;'' and in section 6107 of Kirby's Digest that it is the duty of a guardian ''to file an answer denying the material allegations of the complaint prejudicial to such defendant.'' There is nothing in either provision of the statute requiring the guardian to preserve the evidence in the record.

It is also insisted that the guardian *ad litem* should have made application to marshal the assets covered by the mortgages. It is true that under judgments of this court it is the duty of guardians to make real earnest de-

fenses for their wards, and not merely perfunctory and formal ones. This does not imply, however, that guardians are required to make defenses not founded in fact. If the record had shown that the property in this case exceeded in value the indebtedness, then it would perhaps have been the duty of the guardian to suggest, and the duty of the court to marshal the assets and to sell the lands first which had not been conveyed to the appellant by the mortgagor. There is no showing in the record that it would not require all the mortgaged property to pay the debt, interest and costs in the foreclosure suit, and we can not, therefore, say that it was the duty of the guardian *ad litem* to suggest that the assets covered by the mortgage be marshaled.

No error appearing in the record, the decree is affirmed.