Morris *v.* Cobb.

Opinion delivered January 24, 1921.

1. EQUITY — CROSS-BILL GIVING JURISDICTION.—When a defendant files a cross-bill, setting up equitable grounds for relief, to a complaint in a suit in equity which should have been brought at law, the case should proceed in equity.

2. DEEDS—BURDEN OF PROVING FORGERY.—A deed purporting to have been executed and acknowledged by plaintiff can be impeached by him only by clear, cogent and convincing evidence.

Appeal from Lonoke Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

*J. B. Reed* and *Trimble & Trimble,* for appellant.

1. The court had no jurisdiction, as the issues were purely a matter of law, and it was error to refuse to transfer to the law court. Kirby's Digest, § 5770; 71 Ark. 548; 70 *Id.* 432. Equity has no jurisdiction in suit for partition of land adversely held.

2. Under the evidence appellant has shown that the conveyance purported to be signed by appellant was a forgery.

*James B. Gray* and *Morris, Morris & Williams,* for appellees.

1. Equity has jurisdiction of cases for laches, as laches can not be pleaded in a court of law. 67 Ark. 230, 321; 60 *Id.* 50; 88 *Id.* 395; 55 *Id.* 85; 95 *Id.* 178; 101 *Id.* 230. See, also, 146 Ind. 243; 1 Am. St. Rep. 785; 53 Fed. 415.

2. Appellant is barred by limitations. Cases cited *supra;* 25 Cyc. 1186-1190. A conveyance by a cotenant of the entire estate gives color of title, and if possession is taken and the grantee claims title to the whole, it is an ouster, and the possession is adverse. 102 Ark. 611; 77 *Id.* 201; 57 *Id.* 97; 1 Am. & E. Enc. Law (2 ed.) 806.

3. Equity was vested with jurisdiction by appellant's cross-bill and answer. 71 Ark. 327; 31 *Id.* 345; 37 *Id.* 286; 77 *Id.* 570; 71 *Id.* 327; 100 *Id.* 28; 46 *Id.* 96; 48 *Id.* 312; 99 *Id.* 438; 92 *Id.* 15; 87 *Id.* 206. The case is fully developed, and was below, and the testimony shows that appellant is entitled to no relief. 18 Ark. 469; 96 *Id.* 320. S. C. Cobb was an innocent purchaser for value and the chancellor's findings should be sustained. All the exhibits of handwriting were inadmissible in evidence because not relevant to the case. 17 Cyc. 164; 32 Ark. 337. The testimony is not clear and convincing, and the burden was on appellant. 96 Ark. 564; 117 *Id.* 326; 96 *Id.* 251. The testimony shows that appellant did sign the deed, and if he did not he had constructive notice of it and is barred by limitation and laches.

HUMPHREYS, J. Appellees instituted suit against appellant in the Lonoke Chancery Court to quiet the title in appellee S. C. Cobb to the north half, northwest quarter, and the northwest quarter, northeast quarter, section 29, township 1 south, range 9 west, in said county, and to enjoin appellant from interfering with his possession.

The petition alleged ownership of said real estate in appellee S. C. Cobb by purchase from appellee W. N. Morris, who had theretofore purchased it from the heirs of W. H. Hollingsworth, deceased, one of whom was appellant.

Appellant answered, admitting ownership by inheritance of an undivided interest in said land from W. H. Hollingsworth, but denying the sale of same to appellee W. N. Morris, and, by way of cross-bill, charging that the deed, purporting to convey his undivided interest therein to said appellee, was a forgery; that he resided upon said land, claiming an undivided interest therein as cotenant; that said appellee had appropriated appellant's interest in the rents and profits derived from the land until the year 1914, at which time appellant took up his residence thereon. The prayer of the cross-bill was for a cancellation of the deed charged to be forged, a partition of the land and an accounting of the rents and profits. The cause was then transferred to the Lonoke Circuit Court on motion of appellant. After the transfer was effected, appellee filed a reply to the cross-bill of appellant, denying all material allegations therein, and, by way of defense thereto, pleading limitations and laches against appellant. The cause was then transferred to the Lonoke Chancery Court over the objection and exception of appellant. Appellant moved for a re-transfer of the case in the Lonoke Chancery Court, which motion was overruled by the court over the objection and exception of said appellant.

The cause was then submitted for hearing upon the pleadings, evidence and exhibits, which resulted in a decree quieting and confirming the title to said real estate in appellee S. C. Cobb, as against appellant, and for writ of possession, from which decree an appeal was taken and the cause brought to this court for trial *de novo.*

The record discloses that W. H. Hollingsworth died intestate, on November 15, 1898, seized and possessed of said real estate, leaving appellant and five others his sole

surviving heirs; that said land was conveyed to appellee W. N. Morris by said heirs, for a consideration of $1,000, on the 4th day of April, 1899, by warranty deed, duly executed and acknowledged, and duly recorded in Lonoke County on the 5th day of July, 1899. The grantee in the deed died a short time after the institution of this suit and did not testify concerning the deed. W. C. Templeman, the notary public before whom the deed was acknowledged, had died prior to the institution of the suit. Appellant testified that the signature purporting to be his, appearing upon the original deed, was a forgery; that he did not sign it and had no knowledge of it until the year 1914. Appellant further testified that at the time of the death of W. H. Hollingsworth appellee W. N. Morris took possession of the real estate for the purpose of paying the indebtedness against the estate, promising that, when paid, he would surrender appellant's interest therein to him; that, on account of the kinship existing between him and said appellee and the fact that he resided in appellee's home as a member of the family and reposed confidence in him, he relied upon his promise to return the land to him until the year 1914, at which time he discovered that appellee claimed the land adversely under the warranty deed of date April 4, 1899; that, immediately upon the discovery of this fact, he took counsel, and, under advice of his attorney, moved upon the land and had been residing thereon for more than six years at the time this suit was instituted; that, at the time he consulted his attorney, he claimed that his signature to the disputed deed was a forgery. George Dancy and Jim Bell testified that they heard appellant demand his lands from W. N. Morris several years before they gave their testimony, and that W. N. Morris replied that when the taxes were paid he would look up the notes and give appellant his part of the lands. To identify appellant's true signature, he introduced two letters, which he claimed were written and signed by him to the heirs in reference to the purchase of the real estate, and a time-book, which he claimed was partly written in his

own handwriting, and another book in which he claimed entries were made by him on the several sheets therein in the years 1895, 1896, 1897, 1898, 1899, 1900, 1901 and 1905. Four expert witnesses on handwriting testified that the purported signature of appellant on the deed of date April 4, 1899, was not, in their opinion, his signature, based upon a comparison with the writing contained in the books, papers, etc., aforesaid.

The estate of W. H. Hollingsworth was administered by J. A. Venable, an uncle of appellant. He testified that the estate was indebted in the sum of $15,000, and that W. N. Morris offered to pay the indebtedness and give each heir $150 for his interest in the estate; that all the heirs, including Jas. T. Morris, agreed to accept the proposition made by W. N. Morris; that he was very familiar with the handwriting of Jas. T. Morris, and, in his opinion, the signature to the deed made pursuant to the agreement was the true signature of appellant; that the first time he ever heard of appellant denying the execution of the deed was four or five years ago. Mrs. Dee Morris, stepmother to appellant, testified that he told her, soon after he inherited the land, that he had sold it. The evidence reflects that, after obtaining and recording the deed of date April 4, 1899, appellee W. N. Morris retained exclusive possession of the land until 1914, at which time appellant moved into a house on it and set up a claim to his undivided interest in the lands; that, during the entire time and until the death of said appellee, W. N. Morris paid the taxes upon the land. Appellees introduced a note, purporting to have been executed at Chickasha, Indian Territory, by appellant, in 1899, and a written appearance in a suit brought by Amelia Harris and others in the Pulaski Chancery Court against J. A. Venable, as administrator of the estate of W. H. Hollingsworth, deceased, and his heirs, including Jas. T. Morris. Appellant denied signing either the note or the written appearance. Three expert witnesses testified in behalf of appellees that, in their opinion, appellant signed the disputed deed, basing their testimony on a

comparison of the signature on the deed with the note and written appearance.

The record contains much evidence responsive to the issues of limitations and laches. Some of this evidence tended to show that appellant possessed a weak mind, and, on account of an injury received in the year 1914, became irresponsible until an operation was performed in 1918, as an excuse for not asserting his rights sooner than he did. We deem it unnecessary, under our view of the case, to set out any of this testimony in detail.

It is first insisted by appellant that the chancery court rendering the decree had no jurisdiction of the cause of action; that the issues involved were exclusively within the jurisdiction of a court of law. We can not agree with learned counsel for appellant in this contention. It is unnecessary to determine whether the original bill stated a cause of action for equitable relief, because appellant himself filed a cross-bill in the instant case stating an equitable cause of action. He alleged that the purported deed, conveying his interest in said real estate to appellee W. N. Morris, was a forgery, and prayed that it be canceled. It was said by this court in the case of *Conger* v. *Cotton,* 37 Ark. 286 (syllabus 3), that "when a defendant files a cross-bill, setting up equitable grounds for relief, to a complaint in equity which should have been brought at law, the case should proceed in equity." This rule has been consistently adhered to, as will be seen by reference to *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Crease* v. *Lawrence,* 48 Ark. 321; *Polack* v. *Steinke,* 100 Ark. 28.

The next and last contention made by appellant for reversal of the decree is that it was established by the weight of the evidence that the disputed deed was a forgery. In addition to his own testimony on this point, appellant places much reliance upon the fact that the specimens of his handwriting contained in the books and papers introduced by him show, by comparison, that his signature to the deed was a forgery, and the fact that four experts gave it as their opinion that the signature

to the deed was a forgery, when compared with his handwriting in said books and papers. The genuineness of his handwriting in the books and papers introduced was not established by any evidence other than his own. To allow one to introduce and use as a basis for establishing his true signature one's own creations would open the door for fraud. Even if permissible to introduce the books and papers for the purpose of identifying appellant's true signature by comparison—a question we do not decide—the genuineness of the writing in the papers and books was not sufficiently established to be used as such a basis. The same rule would exclude a consideration of the note and entry of appearance introduced by appellees to be used as a basis for the purpose of establishing the true signature of appellant, as well as the opinions of the expert witnesses introduced by appellee. On the issue of forgery, we have, then, the evidence of appellant testifying that he did not sign the deed, as against the deed itself, the testimony of Mrs. Dee Morris to the effect that appellant told her he had sold the land, of J. A. Venable, appellant's uncle, to the effect that he agreed with all the other heirs to sell the land to appellee W. N. Morris, and to the effect that, in his judgment, the signature to the deed was appellant's signature, and the circumstances that W. N. Morris held exclusive possession of the land from the 4th of April, 1899, until the year 1914, and has paid the taxes continuously upon the land from the date of the deed aforesaid until the date of his death, a short time after the institution of this suit. Again, appellant is in the attitude of impeaching the deed purported to have been executed and acknowledged by him. He could only do this by clear, cogent and convincing evidence. *Bell* v. *Castleberry*, 96 Ark. 564; *Polk* v. *Brown*, 117 Ark. 326. His evidence does not meet this requirement.

No error appearing, the decree is affirmed.