WILSON *v.* MASON.

4-4004

Opinion delivered October 21, 1935.

*Henry B. Whitley,* for appellant.

*Hawkins & Keith,* for appellee.

McHANEY, J. Appellants have failed to properly abstract the record in this case. There is no sufficient abstract of the complaint, the testimony nor the decree as required by Rule IX, so as to give this court an intelligent idea of the merits of the controversy. On this

account the decree would have to be affirmed for this reason alone, but for the fact that appellee has supplied same. However, the case must be affirmed on its merits. The questions involved are principally ones of fact.

It appears that on November 3, 1931, appellants had executed and delivered to appellee a mortgage on the land in controversy to secure an indebtedness due said appellee. It further appears that on the 5th day of November, 1932, appellants executed and delivered to appellee their warranty deed conveying said lands to him. Appellee entered into possession of all that part of said land lying south of the highway and rented to appellants for the year 1933 that part of the land described in said deed lying north of the public highway, on a basis of one-fourth of the cotton and one-third of the corn and other produce. In the latter part of November, 1933, appellants filed a suit against appellee in the Columbia Chancery Court in which they claimed that said warranty deed was intended by them to be a mortgage. This suit was dismissed by appellants without a trial. The present action was instituted by appellee on July 3, 1934, seeking to have said deed construed, and, if found to be a mortgage, to have same foreclosed. The chancery court held that said deed was an absolute conveyance of the title to the property, and not a mortgage, from which appellants have appealed.

The evidence shows there was a prior mortgage on said land in favor of the Federal Land Bank which appellee assumed and agreed to pay, and the indebtedness of appellants to him was cancelled. Since said transaction appellee has made several payments to the Federal Land Bank including nearly $900 in school warrants which were turned over to the agent of said bank to be collected and applied on the debt as they matured and has also paid the taxes on said land and collected the rents from appellants.

Appellants first say that their demurrer to the complaint should have been sustained. While this is a suit seeking a construction of a deed absolute in form, it was brought to foreclose the mortgage in the event the court found such deed to be a mortgage. It was somewhat in

the nature of a suit to quiet title. The court had jurisdiction of the subject-matter and of the parties, and the demurrer was properly overruled. It is contended that it is a suit for the possession of the property, or an action in the nature of ejectment, cognizable at law. But appellee was in the possession of said land, being in the actual possession of the part south of the road and the constructive possession of that part north of the road through appellants as tenants. Moreover, appellants filed a cross-bill setting up equitable grounds for relief, that is, that said deed was intended to be a mortgage to secure a debt, and that the debt had been paid, and that appellee is actually indebted to them, for which amount they prayed judgment. This action on the part of appellants conferred jurisdiction on the chancery court, even though the action as originally brought was one properly cognizable at law. *Gray* v. *Malone,* 142 Ark. 609, 219 S. W. 742; *Morris* v. *Cobb,* 147 Ark. 184, 227 S. W. 23. In the latter case, it was held, quoting a headnote, that: "When a defendant files a cross-bill, setting up equitable grounds for relief to a complaint in a suit in equity which should have been brought at law, the case should proceed in equity."

Appellants next contend that the instrument involved was not a deed, although such in form, but was intended as a mortgage, and should be held to be so. This court has many times held that, where a deed is absolute in form, the burden is upon him who claims that it is a mortgage to prove that it is such by evidence that is clear, unequivocal, satisfactory and convincing. *Edwards* v. *Bond,* 105 Ark. 314, 151 S. W. 281; *Bolden* v. *Grayson,* 167 Ark. 180, 226 S. W. 975; *Bailey* v. *Frank,* 170 Ark. 610, 280 S. W. 663; *Deloney* v. *Dillard,* 183 Ark. 1053, 40 S. W. (2d) 772. As said in the last-mentioned case, quoting a headnote: "The law presumes that a deed absolute on its face is what it appears to be, and the burden is on the one claiming it to be a mortgage to overcome this presumption by clear, unequivocal and convincing evidence."

Without reviewing the testimony in detail regarding this question, we agree with the trial court that

appellants have not met the requirements of the rule above stated. While Mr. Wilson and some of his relatives testified that the deed was intended as a mortgage, this is disputed by appellee and his witnesses and by some very cogent facts and circumstances, and we are of the opinion that the court correctly decided the question. At least, we cannot say that the court's decision is contrary to the preponderance of the testimony.

The decree is accordingly affirmed.