TYLER, ADMINISTRATOR *v.* MORGAN.

4-8735                                    .217 S. W. 2d 606

Opinion delivered February 14, 1949.

668

*Schoonover & Steimel,* for appellant.

*George M. Booth,* for appellee.

HOLT, J. Appellants, Clarence Tyler, as administrator of the estate of Clinton E. McCoy, deceased, together with the McCoy heirs, filed their complaint alleging in substance that Clinton E. McCoy died intestate August 28, 1947; that Clarence Tyler was duly appointed administrator; that on March 21, 1947, the deceased, McCoy, executed his note in the amount of $350, which included $50 interest in advance, due September 1, 1947; that on the same day, March 21, 1947, Clinton E. McCoy made and delivered a deed to appellees, Albert Newton Morgan and wife, to 38 acres of land in Randolph county, said deed designated as a warranty deed, was recorded and made a part of the complaint.

It was further alleged that at the same time the note and deed, *supra,* were executed,—March 21, 1947,—Clinton E. McCoy and appellees, Albert Newton Morgan and wife, entered into a written agreement which contained the following provisions: ''And whereas, in order to secure the prompt payment of the above described note

the said second party hereto this day has executed a warranty deed conveying the above described lands to the parties of the first part hereto, and delivered same to them, conditioned that the said parties of the first part shall hold said deed and not have same recorded, pending the prompt payment of said note; and it is agreed between the parties hereto that if the said party of the second part hereto, or his heirs, executors or legal representatives shall pay or cause to be paid the said note when due, or within sixty days thereafter, the said party of the first part hereto shall return the said deed to the said second party hereto.

"But it is agreed between the parties hereto that if the said second party, Clinton E. McCoy, or his heirs or executors or legal representatives shall fail or refuse or neglect to pay the said note in full with interest as therein specified sixty days after the maturity of said note, then the said deed shall become absolute, and the said parties of the first part, their heirs, executors or legal representatives shall or may have said deed placed of record and the conveyance shall become absolute, with out process of law and shall take possession of said lands as conveyed by said deed and become the absolute owners thereof.

"It is further agreed between the parties hereto that this contract is not to be sold or assigned by either party, or any interest therein."

It was further alleged that "the Pocahontas Federal Savings & Loan Association had some lien or mortgage on said property" which appellees had paid, and a lien assigned to them; that said deed and agreement, in effect, constituted a mortgage and should be so declared and "that the administrator, Clarence Tyler, and the other plaintiffs as heirs at law of Clinton E. McCoy, have the legal right and duty to bring this action for the purpose of declaring said designated warranty deed as a mortgage in order that the equity of redemption may be preserved and conserved and sold for the purpose of paying probated debts of said estate and if anything remains

from the proceeds that said heirs of said estate have the legal right to distribution thereof.

"Wherefore, plaintiffs pray that said warranty deed dated March 21, 1947, from Clinton E. McCoy to Albert Newton Morgan and Nora Morgan as same is recorded in Deed Record 82 at page 521 be declared by this court to be a mortgage and that said defendants be required to foreclose the same for the purpose of paying their secured debt against the lands therein described and that any surplus remaining thereafter be turned over to the plaintiff, Clarence Tyler, as administrator, as required by law."

Appellees demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and this appeal followed.

The question presented is: Treating all allegations in the complaint, which are well pleaded, as. true, and construing them liberally in favor of the pleader, as we must, was a cause of action stated? We hold that there was. "It is not necessary that the complaint should state a cause of action in every particular, for if it contains the substance of a cause of action imperfectly stated, the presumption would be that the defects in the complaint were cured by the proof at the trial." *Clow* v. *Watson,* 124 Ark. 388, 187 S. W. 175.

The complaint alleged that the personal assets of the estate were insufficient to pay its debts, therefore, any lands or interests therein, belonging to the estate are assets in the hands of the administrator for the purpose of paying such debts, (Ark. Stats. [1947], § 62-411; *Jones* v. *Jones,* 107 Ark. 402, 155 S. W. 117).

The rule appears to be well settled that where a deed is absolute in form, as in the present case, the burden is upon the one who claims that it is a mortgage to prove that it is such by evidence that is clear, unequivocal, satisfactory and convincing, (*Wilson* v. *Mason,* 191 Ark. 472, 86 S. W. 2d 555). Here appellants by the allegation in their complaint have met this burden.

Certain well defined rules have been many times announced by this court in determining whether an instrument, in form an absolute deed, should be regarded in fact a mortgage. In *Harman* v. *May*, 40 Ark. 146, this court stated the rule in this language: "Wherever at the time of sale a vendor is indebted to the purchaser and continues to be indebted after the sale, with a right to call for a reconveyance upon payment of the debt, a deed absolute on its face will be construed by a court of equity as a mortgage. . . . Evidence, written or oral, is admissible to show the real character of the transaction. . . . But in the absence of fraud and imposition the proof must be clear and decisive," and in *American Mortgage Co.* v. *Williams*, 103 Ark. 484, 145 S. W. 234, it is stated:

"The rule for determining whether a transaction is a mortgage or conditional sale, no matter what its form may be, is thus stated in 3 Pomeroy's Eq. Juris., 1195, which is quoted with approval by this court in the case of *Hays* v. *Emerson*, 75 Ark. 551, 87 S. W. 1027: 'The criterion is the continued existence of a debt or a liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability. If there is an indebtedness or a liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of the existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used and whatever stipulations they may have inserted in the instrument. On the contrary, if no such relation whatever of debtor and creditor is left subsisting, then the transaction is not a mortgage but a mere sale and contract of repurchase.' "

In *Matthews* v. *Stevens*, 163 Ark. 157, 259 S. W. 736, we said: "It is well settled in this State that whenever.

at the time of a sale, a vendor is indebted to the purchaser, and continues to be indebted after the sale, with the right to call for a reconveyance upon payment of the debt, a deed absolute on its face will be considered by a court of equity as a mortgage. *Harman* v. *May,* 40 Ark. 146, and *Brewer* v. *Yancey,* 159 Ark. 257, 251 S. W. 677.''

So here, the complaint sufficiently alleges that at the time the deed and agreement were executed, there was a subsisting debt which continued thereafter and in fact had not been paid when the present suit was filed, and we think under the clear and express terms of the agreement executed at the time, along with the note and deed, said deed was intended as security for the loan, was in fact a mortgage, and must be so treated.

The appellee insists that appellants' failure to tender the amount of the mortgage debt renders the complaint insufficient. Ordinarily it is the rule that one who seeks to have a deed declared to be a mortgage must do equity by offering payment of the debt. Jones on Mortgages, § 1398. But here the principal appellant is the mortgagor's administrator and as such is under the duty of collecting the assets of the estate. If the appellee does not wish to ask foreclosure of his mortgage at this time, the trial court may ascertain the amount of the debt and order the property to be sold subject to the incumbrance. 24 C. J. 567. Having acquired jurisdiction to declare the deed to be a mortgage, a court of equity may retain jurisdiction in order to afford complete relief.

The decree is reversed with instructions to overrule the demurrer and for further proceedings not inconsistent with this opinion.