JOHNSON v. McAdoo.

5-173                                        263 S. W. 2d 701

Opinion delivered January 18, 1954.

*M. C. Lewis, Jr.,* for appellant.

*C. T. Cotham,* for appellee.

ED. F. McFADDIN, Justice. The question here presented is whether the Chancery Court was in error in sustaining the cross-complaint of appellee, Nellie McAdoo, and in cancelling the deed she had executed to J. H. A. Johnson in 1923. The appellants are the heirs at law of Johnson; and we agree with them that the Chancery decree should be reversed.

Lucy McAdoo Johnson was the daughter of the appellee, Nellie McAdoo, and also the wife of J. H. A. Johnson. Lucy McAdoo Johnson died intestate, a citizen and resident of Garland County, Arkansas, on August 17, 1923, survived only by her said husband and her said mother, and the child or children of Lucy's brother and sister. At the time of her death, the record title to a vacant lot was in Lucy McAdoo Johnson. Twelve days after Lucy's death, Nellie executed to J. H. A. Johnson a deed to the said vacant lot. Then J. H. A. Johnson signed a waiver of his right to be administrator of Lucy's estate, and requested that Nellie be appointed administratrix. Nellie was appointed, and Lucy's estate was administered, and the Probate Court records reflect that Nellie received in excess of $2,000.00 in cash from the said estate. By consent, J. H. A. Johnson and Nellie McAdoo divided the household furniture in the home where the Johnsons had lived.

J. H. A. Johnson entered into possession of the vacant lot deeded him by Nellie, as aforesaid; and built a house on the lot, and exercised full control of the property from 1923 until his death in 1949. After the death of J. H. A. Johnson, Nellie McAdoo asserted a claim to the lot she had deeded to J. H. A. Johnson in 1923, and undertook to collect the rent from the tenants. When the appellants brought this suit to enjoin Nellie from disturbing the tenants, she cross-complained, asserting that the deed she signed in 1923 was void for several reasons, hereinafter to be discussed.

In one place in her testimony, Nellie McAdoo claimed that she furnished one-half of the purchase money for the vacant lot when her daughter, Lucy, bought it in 1923, and that Lucy was therefore Trustee for Nellie to the extent of said one-half interest. In another place in her testimony, Nellie McAdoo claimed that all she had ever intended to convey to J. H. A. Johnson was a 10-year lease on the property, and not the fee. In another place in her testimony, Nellie McAdoo said that she was so grief-stricken over the death of her daughter, Lucy, that she was in no suitable mental condition to understand

what she was doing when J. H. A. Johnson forced her to go to the office of the Notary Public who prepared the deed and took Nellie's acknowledgment. Thus, Nellie claimed: (a) that she was entitled to a resulting trust for a one-half interest, and by inheritance to the other one-half interest; (b) that the deed in fact should be reformed to be a 10-year lease; and (c) that the deed should be entirely set aside because of undue influence, etc.

The decree of the Chancery Court was in favor of Nellie McAdoo,[1] notwithstanding the appellants' pleas of limitations, statute of frauds, and estoppel; but we cannot find sufficient evidence in the record to support the decree of the Chancery Court. Nellie McAdoo's testimony contains many glaring inconsistencies. Some of these are: (a) she testified that she was 81 years of age at the time of the present trial in 1952, and that she was "past 70" when Lucy died in 1923: simple arithmetic shows this error. (b) She testified that Lucy had been dead only 3 days when J. H. A. Johnson obtained the deed in question: yet the record shows a time lapse of 12 days. (c) She testified that she received nothing from Lucy's estate except a part of the household furnishings: yet the Probate Court records show that she received over $2,000.00 in cash. (d) She testified that she thought she was only executing a 10-year lease to J. H. A. Johnson when she signed, in 1923, the deed here in question: yet all the evidence in the record shows that she never asserted any claim to the property until after J. H. A. Johnson's death in 1949. The alleged 10-year lease ex-

---

[1] In its Findings 5 and 6, the Chancery Court accepted the testimony of Nellie McAdoo at full value, and said: "5. That at the time this 'Special Warranty Deed' was executed by Nellie McAdoo to her son-in-law, J. H. A. Johnson, just 12 days after the death of her daughter to whom she was deeply attached, and while she was so weak mentally that she was unable to guard herself against imposition or to restrain importunity or undue influence, Nellie McAdoo was incompetent to execute a deed and in fact she did not understand that the instrument which she signed was a deed, and thought that she was executing a *ten year lease*.

"6. That the deed or contract which was executed by the defendant to her son-in-law, J. H. A. Johnson, was an unconscionable contract, and that imposition and oppression was practiced upon Nellie McAdoo by her son-in-law, in whom at that time she had implicit confidence, and that the parties to this deed were not on an equal footing."

pired in 1933; and for sixteen years thereafter, Nellie McAdoo remained entirely quiescent until after the death of both J. H. A. Johnson and the Notary who took Nellie's acknowledgment to the deed in question. Then she came forward with the claims here made, filled with the inconsistencies which we have mentioned.

The testimony of Nellie McAdoo is entirely unsupported in essential matters. Without prolonging this opinion to discuss the applicability of limitations, estoppel and also the statute of frauds, we prefer to base our reversal on the absence of that *quantum* of proof necessary to set aside the deed, acknowledged, recorded, and suffered to remain unchallenged for so long. See *Stephens* v. *Keener,* 199 Ark. 1051, 137 S. W. 2d 253; *Morris* v. *Cobb,* 147 Ark. 184, 227 S. W. 23; *Bell* v. *Castleberry,* 96 Ark. 564, 132 S. W. 649; and *Franklin* v. *Hempstead County Club,* 216 Ark. 927, 228 S. W. 2d 65. In *Morris* v. *Cobb, supra,* we said:

"Again, appellant is in the attitude of impeaching the deed purported to have been executed and acknowledged by him. He could only do this by clear, cogent and convincing evidence. *Bell* v. *Castleberry,* 96 Ark. 564; *Polk* v. *Brown,* 117 Ark. 326. His evidence does not meet this requirement."

The judgment of the Trial Court is reversed and the cause remanded, with directions to award the property to the appellants, as against Nellie McAdoo,[2] and to require her to account and pay any rent money she has collected since the death of J. H. A. Johnson, less the necessary property expenses, as may be determined by the Court.

---

[2] The Trial Court held that Nellie McAdoo, as the mother of Lucy McAdoo Johnson, was Lucy's sole heir at law, and entitled to the fee in this property which was not ancestral. Under the holding in *Kelly's Heirs* v. *McGuire,* 15 Ark. 555, we think that § 61-110, Ark. Stats., would be the governing statute, rather than § 61-101, Ark. Stats.; and that all that Nellie McAdoo had was a life estate in the property, with remainder to the heirs of the brothers and sisters of Lucy McAdoo Johnson, and as to such heirs, limitations would not ordinarily commence to run until the death of Nellie McAdoo. We mention this point so that our present opinion will not be misinterpreted; but we leave the point undecided, as it is not briefed or presented.