## MISSOURI-PACIFIC RAILROAD COMPANY
## *v.* RITCHIE GROCER COMPANY

81-152                                     625 S.W. 2d 531

Court of Appeals of Arkansas
Opinion delivered December 21, 1981

*Herschel H. Friday, Michael G. Thompson,* and *Elizabeth J. Robben,* for appellant.

*Robert C. Compton,* of *Brown, Compton & Prewett, Ltd.,* for appellee.

FRANK HOLT, Justice. This litigation results from appellant's action in removing its spur track and not replacing it. During the summer of 1977, appellant removed its industrial spur track without filing a petition with the Commission for discontinuance of service. The city was conducting an urban renewal project and had requested at least a temporary removal. Appellant removed the spur and decided not to replace it. The appellee owned a warehouse which had been served by the appellant in the past. The appellee had abandoned its warehouse several months prior to the removal of the spur. Appellant's only other customer, Four States Groceries, had closed its warehouse before removal of the spur. In 1979, or about two years later, the appellee filed a complaint with the Arkansas Transportation Commission alleging that the appellant's removal of the track was unauthorized and requested a hearing. The Commission determined that, pursuant to Ark. Stat. Ann. § 73-809 (a), the appellant was required to file a petition for abandonment prior to the removal of the track, which is for public use, and its failure to do so was illegal. However, since the appellee could not show any economic loss, the Commission failed to take any action against the appellant and denied appellee's request that appellant be ordered to restore the track. On appeal to the circuit court by appellee and cross-appeal by appellant, the court agreed with the Commission that an application is required before the removal of the spur track and remanded the matter to the Commission with directions to consider the petition, or, failing that, the railroad should be directed to restore the service.

Section 73-809 (a) provides in part:

The Arkansas Commerce Commission [Arkansas Transportation Commission] is authorized, empowered, and required to hear and consider all petitions filed with it for . . . . discontinuance . . . . of spurs. . . .

In *Freeo Valley Railroad* v. *Hodges*, 105 Ark. 314, 151 S.W. 281 (1912), the court held railroads cannot abandon their charter without the consent of the state. The Commission interprets this to mean a railroad cannot abandon its tracks without the state's consent. A spur, as here, is part of a railway system. *Conway Oil & Ice Co.* v. *Gibson Oil Co.*, 175 Ark. 905, 1 S.W. 2d 60 (1927). Here, we agree that before consent can be given, § 73-809 (a) clearly requires a petition be submitted to the Commission and a hearing conducted on that issue. Due to the public nature of the services provided by a railroad and privileges granted to it as a common carrier, a hearing should be held before service is discontinued. See *Conway Oil & Ice Co.* v. *Gibson Oil Co.*, *supra*.

Appellant next asserts the appellee and not the appellant is required to file a petition for reestablishment of service after the tracks are abandoned, as here, and that the circuit court erred in remanding the matter on that issue to the Commission. We do not agree. The appellant was acting without the required consent of the Commission when the tracks were removed. Appellant cannot now benefit from its wrongful conduct by placing the burden upon the appellee to show services should be again made available to the public. Even so, appellant argues that a review of the evidence in this case sufficiently supports the Commission's decision not to order services reestablished. This might be true upon a hearing and specific findings on that exact issue. However, to accept appellant's argument that there is no need for a remand on the issue of restoration of the spur tracks would encourage others to bypass the requirements of the statute. The required petition and a full disposition of the issue are the proper procedures to insure tht the interests of the public, as well as the railroad, are before the Commission. The petition must be fully acted upon by the Commission before the railroad can discontinue service.

On cross-appeal the cross-appellant asserts that Missouri Pacific should be required to replace the spur before the Commission hears and acts on the petition. We cannot agree. The cross-appellant has not demonstrated any economic loss by waiting for the Commission's decision. Suffice it to say that, if the spur were restored and the Commission later granted the petition to discontinue the spur, it would result in economic waste. Such a procedure would be an exercise in futility as well as costs to the public being reflected in the rate base or tariff of the statutorily regulated common carrier.

Affirmed on direct and cross-appeal.