(No. 6553.   May 8, 1939.)

L. E. JOSLIN and SARAH M. JOSLIN, His Wife, Appellants, v. IDAHO TIMES PUBLISHING COMPANY, a Corporation, Respondent.

[91 Pac. (2d) 386.]

James R. Bothwell and Harry Povey, for Appellants.

238

Chapman & Chapman, for Respondent.

GIVENS, J.—A previous appeal reversed and remanded a judgment on a verdict in favor of appellant herein for a new trial (*Joslin v. Idaho Times Publishing Co.*, 56 Ida. 242, 53 Pac. (2d) 323, being as to the general circumstances sufficient without restatement herein) because the evidence did not establish the relationship of master and servant between respondent herein and Wesley Kirkman. Upon the second trial the court, for a similar defect, granted respondent's motion for a nonsuit, from which this appeal is herein prosecuted.

The evidence in the second trial was substantially the same as the first except that Champ Rice, Kirkman's predecessor carrier, did not testify and appellants herein offered in evidence as exhibits respondent's premium statements to the

State Insurance Fund, covering pay-roll classifications and amounts as a basis for charges by the State Insurance Fund, as respondent's workmen's compensation insurance carrier, for the years 1934 and 1935, the preceding and current year of the accident, on respondent's objections rejected by the court.

Without naming any employees, these reports set forth, among other classifications and descriptions, the following: "Chauffeurs and their helpers," and on the back of such form, under the heading of "Instructions" the following: "Include the payments of contractors and sub-contractors. (List all contractors and sub-contractors by name.)" The instruction in parentheses being in larger blacker type. No payments of contractors or sub-contractors or names of contractors or sub-contractors appear therein.

The amended complaint herein alleged that Kirkman was in respondent's employ as agent, servant and employee. The answer denies this alleging that Kirkman had a contract with respondent for the delivery of newspapers and never had been in the employment of respondent but was an independent contractor. Arguments were that no offer of proof was made by appellants to show the materiality or relevancy of the exhibits and they were not admissible under sec. 43–1726, I. C. A. Respondent presents no authorities justifying such a construction of sec. 43–1726, I. C. A., and it might be considered it has abandoned that objection. In any event, however, the clause "or as otherwise required by law" authorizes their compulsory admission by a court in such a suit as this. (*Federal Mining & Smelting Co. v. Public Utilities Com.*, 26 Ida. 391, 143 Pac. 1173, L. R. A. 1917F, 1195.) No explanatory offer was necessary because the exhibits show upon their face their competency and relevancy as statements, by the process of elimination, that at the time of the accident respondent had no contractors or sub-contractors.

The proof conclusively shows Kirkman was working for respondent in some capacity, and the only two capacities presented by the pleadings or evidence was master and servant or contractor or sub-contractor. By these exhibits re-

spondent unequivocally reported and stated it had no contractors and no sub-contractors; Kirkman, therefore, not being a contractor, because respondent had none, was, perforce an employee, and these exhibits were admissible and pertinent as establishing, at least *prima facie,* such proposition. (*Hansen v. Rainbow Min. & Milling Co.,* 52 Ida. 543, 17 Pac. (2d) 335; *Larson v. Independent School Dist. No. 11J,* 53 Ida. 49, 22 Pac. (2d) 299; *Biggins v. Wagner,* 60 S. D. 581, 245 N. W. 385, 85 A. L. R. 776, and cases in the note thereto p. 784.)

In *Greening v. Gazette Printing Co.,* (Mont.) 88 Pac. (2d) 862, the "employer's written acceptance" as the employer's pay-roll report to the Industrial Accident Board of Montana, comparable as to purpose with the pay-roll classifications in respondent's premium statements, the questioned exhibits therein, did not, so far as the case therein discloses, contain as the exhibits herein do, a requirement that contractors and sub-contractors' names appear, and as herein by not being listed show that none such existed, therefore indicating appellant was by exclusion an employee. The facts disclosed thus clearly distinguish the holding therein and render it not applicable herein.

■ Appellants also offered in evidence—likewise rejected —respondent's letter to the State Insurance Fund, March 1937, as follows:

"You will notice in the report we are enclosing that we have eliminated the item described as chauffeurs and their helpers under Code No. 7380.

"In a recent legal decision, the men included in this item have been termed as independent contractors. Our attorneys advised that we place our motor carriers under contract making them individual contractors. We now have these contracts signed and filed in our office.

"With this in mind is it mandatory that we carry State Insurance?

"Very truly yours,

"Idaho Evening Times

"AL WESTERGREN /s/"

The first statement in the second paragraph is of course absolutely erroneous if it refers to *Joslin v. Idaho Times Publishing Co., supra,* because this court did not hold that respondent therein was an independent contractor, merely that appellant herein had not shown the relationship of respondent and Kirkman to be that of master and servant. The second sentence is the pertinent one showing that after the accident and after the previous decision some kind of a contract was made with the carriers as independent contractors, stating that theretofore they had been classified as employees under chauffeurs, justifying the conclusion that prior thereto, i. e., at the time of the accident, they had not been contractors but employees.

Appellants' amended complaint alleged that if Kirkman was not an employee but a contractor, respondent was negligent and therefore responsible for Kirkman's alleged negligence in causing the accident in that it had not exercised reasonable care in the selection of him as a competent and qualified person to operate a motorcycle heavily loaded with newspapers. Respondent cites 14 R. C. L., p. 79, sec. 17, to the effect that the general rule of law is that an employer is not liable for the negligence of his independent contractor or the latter's servants, and such is the statement in the text. But the immediately succeeding statement contains the following, supported by justifying citations:

"It is often laid down as one of the conditions required to relieve the owner from liability for the negligent acts of an independent contractor employed by him, that he shall exercise due care to secure a competent contractor for the work, and that if he fails to exercise such care, he may be liable for the negligent acts of his contractor." (14 R. C. L. 80, sec. 18.)

And then follow various further exceptions to the general rule. It appears to be generally accepted that one employing a contractor to engage in a hazardous employment at least, must exercise some care in the selection as to fitness and ability to operate safely, and failure to do so will impose liability for the contractor's negligence. (39 C. J. 1339, sec. 1550.)

The court may take judicial notice from the tremendous number of accidents arising from the use of motor vehicles that it requires some skill, experience and judgment to safely operate them, and therefore their operation is sufficiently fraught with potential hazard to justify the above rule of responsibility.

The evidence herein, without dispute, shows Kirkman took over Rice's route and respondent received the benefit of his work with, so far as the record discloses, no care whatever on its part in his selection or any investigation or instruction as to how to operate the motorcycle, automobile, or whatever conveyance or means of delivery he might use; in fact the record presents a complete indifference as to how Kirkman delivered the newspapers, though it is shown that respondent knew Kirkman was delivering the newspapers because they were turned over to him at its place of business.

The evidence, therefore, since the three exhibits should not have been rejected, was sufficient on both theories to present a *prima facie* case and the nonsuit should not have been granted. As stated in the previous opinion the evidence shows the question of contributory negligence is for the jury.

The judgment is therefore reversed with instructions to grant a new trial.

Costs awarded to appellants.

Ailshie, C. J., Budge and Morgan, JJ., concur.

Holden, J., sat at the hearing but did not participate in the decision of this case.

Petition for rehearing denied.