## MARION MACHINE, FOUNDRY & SUPPLY CO. v. DUNCAN.

No. 29132.   March 19, 1940.

Rehearing Denied March 26, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1940.

*101 P. 2d 813.*

Dolman, Dyer & Dolan, of Ardmore, for plaintiff in error.

Champion, Champion & Fischl, of Ardmore, for defendant in error.

GIBSON, J. This is an action for wrongful death. Judgment was rendered on verdict for plaintiff below, and defendant has appealed.

Plaintiff's husband was killed when his automobile was driven into the rear end of a truck parked on or near the edge of a paved highway. The truck belonged to one Graves, an alleged agent of the defendant, and was being operated at the time by two employees of said alleged agent.

Plaintiff sought to link defendant with the accident through the medium of a subsisting master and servant relationship between defendant and Graves, while the defendant insisted that Graves was its independent contractor.

Such was the principal issue; and the paramount question on appeal is whether the evidence warranted submission of the question of agency to the jury.

According to the undisputed evidence Graves owned the truck, and that the operators thereof at the time of the accident were his employees. The truck was loaded with oil field tubing belonging to defendant. The defendant had engaged Graves at a stipulated consideration to haul the tubing from a point in Texas to Wilson in this state. Defendant exercised no particular control over Graves. Its agents were to advise Graves where to pick up the tubing in a designated town in Texas, and the exact place to unload it in the town of Wilson. Otherwise defendant had no part in the trip except to pay Graves the compensation theretofore agreed upon.

The burden was on plaintiff in this case to establish the fact of agency or the relationship of master and servant between defendant and Graves. The only facts established by plaintiff in this regard were that Graves with his own truck and his own employees was hauling a load of tubing for defendant. Thus it was shown that Graves was performing services for defendant. It has been said that this type of evidence is sufficient to raise a presumption of agency and to shift the burden to defendant to overcome the same. Oklahoma City Const. Co. v. Peppard, 43 Okla. 121, 140 P. 1084; Ellis & Lewis, Inc., v. Trimble, 177 Okla. 5, 57 P. 2d 244.

To rebut the presumption the defendant established the facts as related above. That evidence, as we have said, was undisputed by plaintiff. It was clearly shown that Graves was an independent contractor. Practically every element usually considered by the court when confronted with this question pointed to an independent contractor relationship. See Ellis & Lewis, Inc., v. Trimble, supra. In that case the court defines an independent contractor, as distinguished from an agent or servant, as follows:

"An independent contractor is one who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work."

That definition well applies to Graves in the instant case. The evidence pro-

duced by defendant and stated above clearly substantiates our statement. When defendant produced that evidence, the plaintiff should then have assumed the burden of proof on the issue and proceeded with it, all of which she failed to do. So we adopt here the language of the court as employed in the last-cited case in connection with an almost identical situation. It reads as follows:

"In the face of evidence such as defendant introduced, the plaintiff was bound to assume the burden of the proof on that issue and to go forward with it. He did not do so. Therefore, the court committed error in submitting the issue to the jury."

The issue there mentioned was that of independent contractor.

Here there was no dispute in the material facts. The rule with reference to submission of the issue to the jury in such case is stated in Branham v. International Supply Co., 166 Okla. 273, 27 P. 2d 354, as follows:

"Where the evidence is undisputed, the question of whether the relation of the parties is that of contractor and contractee or employer and employee is one of law for determination by the court."

There was evidence to show that Graves had not complied with the Motor Carrier Act in that he had failed to procure a permit from the Corporation Commission as required by said act (chapter 156, S. L. 1933, 47 Okla. Stat. Ann. § 161, et seq.). There is evidence also to show that his drivers on the night of the accident violated the port of entry act by failing to stop at the border when entering the state with the load of tubing aforesaid (chapter 50, art. 1, S. L. 1935, 47 Okla. Stat. Ann. § 191, et seq.). While plaintiff admits that there was no causal connection between the violation of these laws and the accident, and that the defendant could not be charged with negligence on that theory (Bradley v. Chickasha Cotton Oil Co., 184 Okla. 51, 84 P. 2d 629), she insists that there was evidence

that the defendant aided or abetted Graves in the violations, and that such evidence was sufficient to show that the defendant took a personal interest in and supervision over the hauling, and that by reason thereof defendant was estopped to assert an independent contractor relationship between it and Graves.

There is language appearing in the Bradley Case, above (184 Okla. 51, 84 P. 2d 629) to indicate that a shipper's act in aiding the carrier in the violation of the motor vehicle law would, under certain circumstances, constitute evidence of a relationship of master and servant between those parties. But here there was no evidence worthy of consideration to indicate that the defendant aided or abetted Graves in any manner in this respect.

Plaintiff next asserts that Graves, notwithstanding he may have been an independent contractor, was unfit and unskilled in the matter of hauling oil field pipe, and that the defendant was negligent with respect to employing such a person and is therefore liable for his negligence. Certain texts and decisions of other states are cited in support of the contention that the fault of the independent contractor may be imputable to the contractee by reason of the former's known incompetence. The trial court instructed on this theory of the case, and defendant assigns the action of the court as error.

In some jurisdictions there is an established rule to the effect that if one would avoid liability for the negligence of his independent contractor toward a third party, he must exercise reasonable care in his selection of a person in this capacity. See annotation 30 A.L.R. 1538, et seq.; 44 A.L.R. 975, et seq. But so far as we know, this court has had no occasion to apply that rule. In two instances we have held that one who owes a contractual or statutory duty to another cannot escape liability for negligence in performance of that duty by delegating the same to an independent contractor. Minnetonka Oil Co. v. Hav-

iland, 55 Okla. 43, 155 P. 217; Huckins Hotel Co. v. Clampitt, 101 Okla. 190, 224 P. 945. One of those cases involved the contractual obligation of an oil and gas lessee to his lessor; the other, the statutory duty of an innkeeper to his guest.

In circumstances such as obtained in those two cases it seems that the principal contractor cannot escape liability through an independent contractor, though the former use due care in the selection of the latter. Therefore the rule announced in the cited cases has little, if any, relation to the rule we have stated generally above as obtaining in other states. The latter is applied where the principal contractor owes no particular or legally defined obligation to the injured party. If that rule is to be recognized in this state, it would apply in the instant case, providing there was sufficient evidence to show that Graves, the carrier, was an unfit person for the particular task in hand and that the defendant, the shipper, knew, or by the exercise of reasonable caution should have known, of his incompetency.

In the cases last above cited this court has expressed itself, perhaps by way of dictum, on the rule last mentioned. In Minnetonka Oil Co. v. Haviland, we find the following language:

"We think that while the rule is well settled that one who does work through the instrumentality of an independent contractor is not liable for damages caused by the negligent performance of such work by the independent contractor, to third persons, except where the work is inherently dangerous or unlawful, it is equally well settled that, where a person either by contract or by law owes an obligation to another, he cannot escape liability for negligence in the performance of such obligation by delegating the duty to an independent contractor. * * *"

And in Huckins Hotel Co. v. Clampitt, we said:

"A person performing work through an independent contractor is not liable for damages caused by the negligent performance of the work· by the inde-

pendent contractor to third persons, except where the work is inherently dangerous or unlawful, but this general rule has no application to the instant case, because the defendant, by statute, owed an obligation to the plaintiff, which he could not escape by delegating to an independent contractor. * * *"

We are of the opinion that these statements express the most logical and workable rule to be applied in cases of this character. Liability of the principal contractor for the negligence of his independent contractor should be confined to those instances where the work to be performed is inherently dangerous or is unlawful. This court has never recognized a contrary rule. We are unable to see where serious injustices might arise from a rule to the effect that the liability or nonliability of the principal should rest wholly upon whether the workman was respectively his servant or his independent contractor, except, of course, in those cases where the work to be performed is inherently dangerous or is unlawful. And we so hold in the instant case.

Ordinary hauling by truck is neither inherently dangerous nor unlawful. The shipper is under no duty in this state to ascertain whether the motor carrier has complied with the motor vehicle laws or to inquire into the nature and adequacy of his equipment. An automobile is not an inherently dangerous machine. Ford Motor Co. v. Livesay, 61 Okla. 231, 160 P. 901.

Plaintiff insists that the defendant could not rely upon its contract with Graves to sustain its defense of independent contractor for the reason that defendant in making the contract aided in the violation of the motor vehicle law.

Assuming that the plaintiff has here stated a correct principle of law, there is no evidence that the defendant aided or abetted Graves in his alleged violation of the law.

The trial court erred in not sustaining defendant's request for directed verdict.

164

The judgment is reversed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. CORN and DANNER, JJ., absent.