John S. HUDGENS, and Ernest H. Riddle, co-guardians of the person and estate of Mike Davis, a minor, Appellants,

v.

COOK INDUSTRIES, INC., a foreign corporation, Appellee.

No. 44765.

Supreme Court of Oklahoma.

Nov. 27, 1973.

As Corrected on Denial of Rehearing May 6, 1974.

Rehearing Denied May 7, 1974.

Foliart, Shepherd, Mills & Niemeyer by George W. Dahnke, Oklahoma City, for appellants.

Rhodes, Hieronymous, Holloway & Wilson by Page Dobson, Oklahoma City, for appellee.

HODGES, Justice.

This action arose when Mike Davis (Davis), the ward of appellants received injuries when the automobile in which he was a passenger collided with a truck being driven by John Lewis Edwards (Edwards). Edwards was hauling wheat owned by Cook Industries, Inc. (Cook).

Appellants urge two theories of liability against Cook: (1) Edwards was acting as the agent, servant, and employee of Cook and within the scope of his employment and (2) Cook was guilty of negligence which caused injury to Davis because Cook hired Edwards to haul its wheat when it knew, or in the exercise of reasonable care should have known, that Edwards was an incompetent and unfit driver who used defective and unsafe equipment. Appellants assert that Cook negligently selected an independent contractor to do work which was inherently dangerous, or which posed an unreasonable risk of bodily harm to the public.

Appellants alleged, and uncontroverted deposition evidence revealed, that: Edwards was a reckless driver with a lengthy history of prior arrests and accidents; he consistently and repeatedly hauled loads in excess of the legal weight limits (some violations occurring during his employment by Cook); he was a person with a lengthy history of drinking intoxicating beverages while operating motor vehicles; he had no permit to haul grain in the State of Oklahoma at the time of the accident; he did not comply with safety regulations promulgated by the Federal Highway Administration; his equipment was grossly defective and unsafe for operation upon the public highways.

The deposition testimony by the investigating trooper was that all of the tires on Edwards' trailer and on the driving axle were smooth and threadbare. The inner cord on some of the tires was visible. The axles had been re-welded after a prior break. The speedometer was inoperable and the brakes defective to the extent that some of the brake bands were worn completely

through. The springs on the left hand side of the trailer had been removed. The trooper testified that the tractor-trailer was in such poor condition that it would have been unsafe to drive even when unloaded. The trooper also testified that his investigation disclosed that Edwards had consumed a couple of beers within three hours of the accident in a Geary tavern located twelve miles from the scene of the accident. However, it was his opinion that Edwards was not intoxicated nor driving under the influence at the time of the accident. Intoxication is not an issue. It was the trooper's opinion that the combination of excessive speed, slickness of the trailer tires resulting in lack of traction, and the wet highway caused Edwards' trailer to fail to follow the tractor as it negotiated the curve, causing the left rear of the trailer to slide across the center line and to collide with the oncoming vehicle in which Davis was a passenger.

Other evidence disclosed that the truck was 13,000 pounds overweight at the time of the accident. An expert witness for appellants testified that in his opinion this was a causal factor in contributing to the accident.

It was Edwards' testimony that Cook did not require him to fill out an application to haul nor did they make any inquiry concerning his ability or equipment.

The testimony of the truck manager for Cook was that Cook did not provide written or oral instructions to him relating to trucker selection. This was left to his discretion. It was his policy, and therefore that of the company, to make no inquiries as to ability, experience, driving record, traffic violations, criminal offenses, equipment, necessary permits, validity of drivers license, liability or cargo insurance. He just "assumed" everything was in order. It was his assumption that Edwards had the necessary permits and insurance, but no check was ever made to determine if he actually did. Edwards made at least fifty trips for Cook under these assumptions.

The truck manager for Union Equity, who like Cook, was a grain exporter engaged in the purchase of wheat for overseas sale stated that it was the policy of his company to hire no truckers unless they were able to produce a certificate of insurance showing that they possessed both cargo and liability insurance. This requirement was to protect the public and to insure against any loss of cargo, the records maintained by him revealed that Edwards had applied on two occasions to haul wheat for Union Equity, but that he had been rejected on both occasions.

Cook filed a motion for summary judgment. It contended that depositions on file established as a matter of law that Edwards was acting as an independent contractor at the time of the accident, and that Cook had no duty to third persons injured on the highway for negligent acts of independent contractors.

Summary judgment was rendered in favor of Cook. It is from this order that the appeal lies.

■ Generally, an employer is not liable for the torts of an independent contractor, but there are many exceptions to the rule. The rule in Oklahoma is that a person who performs work through an independent contractor is not liable for damages to third persons caused by the negligence of the contractor except where the work is inherently dangerous or unlawful or where the employer owes a contractual or defined legal duty to the injured party in the performance of the work. Oklahoma City v. Caple, 187 Okl. 600, 105 P.2d 209, 212, (1940). However, this rule is sufficiently comprehensive to include not only work, which from its decription is "inherently" or "intrinsically dangerous", but also work which will in the ordinary course of events cause injury to others if certain precautions are omitted, but which may as a general rule be executed with safety if those precautions are taken. Burke v. Thomas, 313 P.2d 1082, 1088 (Okl.1957).

■ One of the conditions under which the employer is relieved of liability for the negligent acts of an independent contractor which he has employed is when the employer has borne the duty which requires him to exercise due care in selecting a competent contractor for the necessary work. Joslin v. Idaho Times Pub. Co., 60 Idaho 235, 91 P.2d 386 (1939). See also 41 Am.Jur.2d Independent Contractors § 26 p. 779; Ozan Lumber Co. v. McNeely, 214 Ark. 667, 217 S.W.2d 341, 344 (1949); 8 A.L.R.2d 267, 268; American Coated Fabrics Co. v. Berkshire Apparel Corp., 72 Mass.Adv.Sh. 295, 279 N.E.2d 695, 696 (Mass.1972).

■ "Competent contractor" is defined as one who possesses the knowledge, skill, experience, personal characteristics, and available equipment which a reasonable man would realize that an independant contractor must have in order to do the work which he contracts to do without creating unreasonable risk of injury to others. Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897, 908 (1955).

This court stated in Marion Machine, Foundry & Supply Co. v. Duncan, 187 Okl. 160, 101 P.2d 813, 816 (1940) that ordinary hauling by truck is not inherently dangerous; an automobile is not an inherently dangerous machine; and therefore, a shipper is under no duty in this state to ascertain whether the motor carrier has complied with the motor vehicle laws or to inquire into the nature and adequacy of his equipment.

The proposition that a motor vehicle is not an inherently dangerous instrumentality had been at least impliedly overruled by Bower v. Corbell, 408 P.2d 307, 313 (Okl. 1965):

"* * * An automobile is not inherently dangerous within itself. But when serviced and set in motion it becomes a contrivance of an inherently dangerous nature. Where reasonably certain to place life and limb in danger if negligently made or serviced it is a thing of danger."

Also, we previously stated in National Trailer Convoy, Inc. v. Saul, 375 P.2d 922, 925 (Okl.1962) that although a truck may not in itself be considered a dangerous instrumentality, its operation in hauling by a drunk driver is an inherently dangerous undertaking.

It should be analogous that the hauling of wheat on wet pavement in an overloaded tractor-trailer which has no speedometer, defective brakes, deficient springs, threadbare tires, and which evidence revealed to be in such poor mechanical condition that it would be unsafe to drive even if unloaded, may likewise be an inherently dangerous undertaking.

■ Where there is foreseeable risk of harm to others unless precautions are taken, it is the duty of one who is regularly engaged in a commercial enterprise which involves selection of motor carriers as an integral part of the business, to exercise reasonable care to select a competent carrier. Failure to exercise such care may create liability on the part of the employer for the negligence of the carrier. Joslin v. Idaho Times Pub. Co., 91 P.2d at p. 388 supra. See L. B. Foster Company v. Hurnblad, 418 F.2d 727, 729, 731 (9th Cir. 1969); National Trailer Convoy, Inc., v. Saul, 375 P.2d at p. 923 supra; Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897 (1955). If there is competent evidence tending to show that such employer *knew, or in the exercise of reasonable care should have known,* that the independent contractor was not such a driver, and reasonable men might draw conflicting conclusions on the matter, then whether or not the employer was negligent in the discharge of his duty to select a competent contractor becomes a question to be determined by the trier of the fact. See National Trailer Convoy, Inc., v. Saul, 375 P. 2d at p. 929 supra.

Insofar as it is inconsistent with this opinion, Marion Machine Foundry & Supply Co. v. Duncan, 187 Okl. 160, 101 P.2d 813 (1940) is hereby overruled.

The judgment of the trial court is reversed and the cause is remanded for trial by jury.

DAVISON, C. J., WILLIAMS, V. C. J., and SIMMS and DOOLIN, JJ., and BLISS, Special Justice, concur.

IRWIN and LAVENDER, JJ., concur in result.

BERRY, J., dissents.

Justices BARNES having certified his disqualification in this case, Judge BLISS, Court of Criminal Appeals, was appointed Special Justice in his stead.