Teresa AMOUR, Appellant,

v.

METROPOLITAN ENTERPRISES, INC., Appellee.

No. 58405.

Court of Appeals of Oklahoma, Division No. 4.

Aug. 2, 1983.

Rehearing Denied Sept. 8, 1983.

Certiorari Denied Nov. 29, 1983.

Released for Publication by Order of the Court of Appeals Dec. 5, 1983.

Michael Gassaway, Hughes, Nelson & Gassaway, Oklahoma City, for appellant.

Donald R. Wilson, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

Was it error to grant the defending street repair contractor a summary judgment in this tort action by an injured motorcyclist? We hold it was and reverse.

I

The allegations are that defendant City of Oklahoma City contracted with defendant Metropolitan Enterprises to perform certain street repair work. Metropolitan subcontracted some repair work in the 3400 block of North May Avenue—a busy Oklahoma City thoroughfare—out to Dahlgren Construction Company. The road was torn up at this location on June 10, 1979, and no signs warning of such condition were posted, no flashers were set, no barrier was placed.

Late in the evening on this date, plaintiff, Teresa Amour, was riding as a passenger on a motorcycle southbound on May Avenue. Suddenly the driver came upon the unseen danger which caused him to lose control of his motorcycle and crash, injuring plaintiff.

This action was brought against Oklahoma City and Metropolitan alleging each was negligent in allowing the inherently dangerous roadway condition to exist.

On December 10, 1981, the city was granted a summary judgment on the ground that plaintiff had not complied with the notice and filing provisions of 51 O.S. 1981 § 156. This judgment was apparently not appealed.

On April 5, 1982, Metropolitan was also granted a summary judgment on the legal premise that the general contractor was not liable for the subcontractor's negligence and did not otherwise bear any legal responsibility for the safety of the traveling public. It was appealed and is before us now.

II

The issue raised by the pleadings in this case is not whether the general contractor bears vicarious liability for the tortfeasance of its subcontractor with regard to contractual activity but whether a nondelegable duty rests upon the general contractor that was breached in this case.

It has been said that while as a general rule a prime contractor or employer is not liable for damage arising from the acts or omissions of an independent contractor, "there are many exceptions to the rule." *Hudgens v. Cook Industries,* Okl., 521 P.2d 813 (1973). *Hudgens* discusses both types of liability—vicarious and that arising from breach of a duty—and, though it is obiter dictum, observes that under certain circumstances, i.e., where work is inherently dangerous or unlawful, the employer owes a "defined legal duty to a party injured in connection with the execution of the contractual work." This and other nondelegable duties have been recognized by the courts for many years. *Oklahoma City v. Caple,* 187 Okl. 600, 105 P.2d 209 (1940). Another situation where the employer's duty persists, according to *Hudgens,* is where the work being performed "will in the ordinary course of events cause injury to others if certain precautions are omitted, but which may as a general rule be executed with safety if those precautions are taken." *Burke v. Thomas,* Okl., 313 P.2d 1082 (1957), is cited for this statement.

■ In more specific terms, a general highway contractor owes a nondelegable legal duty to the traveling public "not to make the highway dangerous for ordinary use ..." or, to put it differently, "to protect the traveling public from danger ...." *Transcon Lines Corp. v. Cornell Construction Co.,* Okl., 539 P.2d 1372 (1975).

III

■ In view of the legal responsibility imposed upon Metropolitan with regard to the street repair project, the final question is whether there are any issues of fact to be resolved. There are, of course, at least two primary ones: (1) Was the accident attributable to abatable dangers created by the road work? (2) If so, did plaintiff sustain injuries as a result of the wreck?

682

The summary judgment is therefore vacated and the cause remanded for further proceedings.

De MIER and STUBBLEFIELD, JJ., concur.