Stacy Diane LANE–HILL, Appellant,

v.

Franklin D. RUTH and Emogene R. Ruth, Husband and Wife, Appellees,

Rick Bischel, Defendant.

No. 85582.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 19, 1995.

Fred J. Shaeffer, Shaeffer & Shaeffer, Norman, for Appellant.

Mark S. Cooper, Angela D. Ailles & Associates, Oklahoma City, for Appellees.

## *MEMORANDUM OPINION*

JOPLIN, Judge:

Appellant Stacy Diane Lane–Hill seeks review of the trial court's order granting summary judgment to Appellees Franklin and Emogene Ruth in Lane–Hill's action to recover damages resulting from the Ruths' alleged negligence in allowing a tree limb to fall on Lane–Hill's automobile as it passed the Ruths' property. We find no error as alleged in the trial court's order, and affirm.

The Ruths owned residential property in Oklahoma City. In September 1994, the Ruths hired defendant Rick Bischel of Rick's Tree and Lawn Service to trim and/or remove a tree in the Ruths' front yard. In the course of his service, Bischel "trimmed" a limb from the tree just as Lane–Hill drove by, the limb fell and struck Lane–Hill's automobile, causing damage thereto and apparently injuring Lane–Hill.

Lane–Hill then commenced the present action against the Ruths and Bischel, but later dismissed without prejudice as to Bischel. As against the Ruths, Lane–Hill alleged the Ruths' negligence as principals and/or em-

ployers of Bischel; the Ruths' liability because Bischel's "inherently dangerous task" of trimming trees would "ordinarily cause injury" in the absence of precautions, and/or because Bischel obstructed the public way abutting the Ruths' property.

The Ruths moved for summary judgment, asserting as a matter of law no liability for the allegedly tortious acts of Bischel, an independent contractor. The trial court so found and granted summary judgment to the Ruths. Lane–Hill now appeals, and the matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

■■■ "Generally, an employer is not liable for the torts of an independent contractor." *Hudgens v. Cook Industries, Inc.,* 521 P.2d 813, 815 (Okla.1973). "An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Restatement of Laws, Second, Agency 2d, § 2(3).

■■ In the present case, it is uncontroverted that the Ruths hired Bischel for the specific task of trimming and/or removing a tree on the Ruths' property; that Bischel provided his own tools to complete the task; that the Ruths paid Bischel for the one-time performance of the task for which they hired him; and most importantly, that the Ruths exercised no control over the manner in which Bischel performed the task for which he was hired. *See, e.g., Brown v. Saylor,* 204 Okla. 154, 228 P.2d 187, 189 (Okla.1950) (right of control is the determinative factor as to whether the person causing the injury was the servant of the master or an independent contractor.) In that regard, we here summarily reject Lane–Hill's suggestion that the simple act of hiring an independent contractor and communicating to the independent contractor the task required, or even specifying a time to perform the work and/or to complete the task, changes the nature of the relationship between the parties. *See,*

*e.g., Cahill v. Waugh,* 722 P.2d 721 (Okla. App.1986) (only where person employed to complete a task for defendant is subject to control of defendant concerning when and how the work was to be performed is defendant's vicarious liability established). Under these specific facts and circumstances, we therefore find the uncontroverted evidence showed Bischel to be an independent contractor, not an agent or employee of the Ruths.

■■■ However, Lane–Hill argues that even if Bischel was an independent contractor, the Ruths may nevertheless stand liable for Lane–Hill's injuries because the task for which the Ruths hired Bischel (1) "will ordinarily cause injury unless precautions are taken," and/or (2) was "inherently dangerous." As to the "extra precautions" exception, however, an employer may be liable for the torts of an independent contractor only when the task undertaken by the independent contractor *will, in the ordinary course of events,* cause injury *to an invitee* absent precautionary measures, or when employer owes a duty to the injured party in the performance of the work. *Cahill v. Waugh,* 722 P.2d at 724–725 (owner of restaurant owed duty to his guests to see that his guests were not exposed to the dangers inherent in mowing of surrounding grounds); *Hudgens,* 521 P.2d at 816 (operation of commercial motor vehicle in state of disrepair constitutes inherently dangerous task, and employer owes duty of reasonable care in selecting competent independent contractor). In the present case, the record fails to reflect any evidence of Lane–Hill's status as an invitee or that the Ruths breached any duty of care they may have had to Lane–Hill in choosing the independent contractor, Bischel. Accordingly, we reject this argument.

■■ As to the "inherently dangerous" argument, we are unwilling to hold as a matter of law that the trimming or removal of trees constitutes an inherently dangerous task as to render the "inherently dangerous" exception applicable: To so hold would result in the imposition of strict liability on all private property owners who engage independent contractors to trim and/or remove trees on

the owner's property if a third party happens to be injured as a result of the independent contractor's work. Stated otherwise, we cannot say the mere act of hiring an independent contractor to trim and/or remove a tree causes or results in an inherently dangerous situation. We find nothing in the case law of this jurisdiction dictating such a result and, accordingly, are unwilling to extend liability as requested by Lane–Hill on this basis.

Finally, Lane–Hill argues the Ruths' liability on the theory that the Ruths allowed Bischel to obstruct a public way abutting the Ruths' property, resulting in injury to Lane–Hill, citing *Safeway Stores, Inc. v. Billings*, 335 P.2d 636 (Okla.1959). In *Safeway Stores, Inc.*, the Oklahoma Supreme Court held that a property owner maintaining for an extended period of time an obstruction abutting a public way which may be dangerous to persons traveling upon that public way without providing adequate warning of the obstruction may be negligent where the obstruction amounts to a public nuisance. In the present case, however, Lane–Hill failed to adduce any evidence that the tree on the Ruths' property constituted a public nuisance; that the tree obstructed the public way at all, much less for an extended length of time; or that the Ruths knew or should have known the tree obstructed the public way so as to pose a danger to persons traveling upon that public way without providing adequate warning thereof.

Thus, and under the specific facts and circumstances of this case, we find no error in the trial court's order granting summary judgment in favor of the Ruths. By so holding, the Ruths' indemnity cross-claim against Bischel is rendered moot. The order of the trial court is therefore AFFIRMED.

JONES, P.J., and GARRETT, C.J., concur.