**Wayne BIRD and Carol Bird, Appellees,**

v.

**Robert H. COLEMAN, Appellant.**

Nos. 82573, 83005.

Supreme Court of Oklahoma.

April 1, 1997.

As Amended April 15, 1997.

**1124**

Ruston C. Welch, Hastie, McCutcheon and Maye, Oklahoma City, for Appellees.

W. Dan Nelson, MaryGaye LeBoueuf, Oklahoma City, David L. Kearney, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for Appellant.

SIMMS, Justice:

On certiorari we are asked to determine whether the trial court erred in granting summary judgment in favor of appellees, the Birds. Appellant Coleman contends the trial court's order was premature as material fact questions concerning his defenses to plaintiffs' action were controverted and directly at issue. Coleman additionally argues that the trial court's holding in favor of Birds on Coleman's counterclaim is erroneous as their motion for summary judgment did not include the counterclaim and Coleman's allegations therein had not been controverted or even addressed by Birds.

Coleman contends the trial court erred by treating this action as if it were brought to enforce the terms of a note for a loan of money and refusing to consider the underlying transaction which both sides agreed was a contractual relationship. In so doing, the trial court (and in turn the Court of Civil Appeals) refused to consider his contractual defenses and counterclaim to an action brought against him for breach of contract.

We agree with Coleman. We vacate the Court of Civil Appeals' decision affirming the trial court's order denying Coleman's motion for new trial, motion to vacate and motion to reconsider. The judgment of the trial court in favor of Birds is reversed and the matter is remanded for further consideration. Certiorari was previously granted.

In April of 1987, Birds conveyed all their outstanding stock in Moon–Petro, Inc., an oilfield chemical company, to Coleman for $800,000, consisting of $300,000 down and $125,000 a year for the next five years. The parties did not have a written contract incorporating all the terms of their agreement. A draft was prepared by the Birds but it was never executed. Pursuant to their oral agreement, Coleman paid Birds $300,000 and took possession of the business in May, 1987. Subsequently, Coleman signed a promissory note which reflected the outstanding balance owed under the oral contract in favor of Birds for the principal sum of $500,000 to be paid in annual payments of $125,000. Coleman made all the payments required under the oral contract, as evidenced by the note, from 1988 until 1990 when he withheld $60,000 from the last payment and tendered the balance to Birds.

Coleman claimed that he retained the $60,-000 as a setoff because when he attempted to sell certain Texas real property of the corporation's to a third party, he discovered that contrary to representations by the Birds, it was encumbered by liens and the corporation did not have marketable title. Coleman alleged that he was then sued by the third party and was forced to spend approximately $60,000 to clear title to the property.

The Birds, who still held the note, gave notice to Coleman that they would not accept any setoff and when Coleman was not forthcoming with the $60,000, they sued him for defaulting under the terms of the note seeking the balance due, attorney fees and costs.

Before Coleman filed his answer, Birds moved for summary judgment asserting the uncontroverted facts established that Colemans had executed and delivered the note, that there was a balance due on the note for which demand had been made for payment, but Coleman was in default.

Later Coleman answered and set forth the affirmative defenses of fraud and failure of consideration and he counterclaimed against the Birds for fraud, breach of contract and failure of consideration. Coleman admitted that he signed the note as consideration for Birds selling him all the outstanding shares of the corporation and also, he asserted, all its assets. He alleged that Birds breached the contract by failing to convey free and clear title to the subject property. In his counterclaim, Coleman asserted that the Birds sold him all the stock of the corporation and all its assets and fraudulently represented to him that the subject property was owned free and clear of any encumbrances and the corporation had marketable title. He alleged the Birds knew at that time the representations were false and that they fraudulently induced him to enter into the contract and he had relied to his detriment on the fraudulent misrepresentations.

In his response to the Birds' motion for summary judgment, Coleman asserted that the action pending before the trial court was not an action on a note for a loan or funds advanced, but was based on the underlying contract for sale of stock and assets of Moon–Petro Chem, Inc. He set forth in detail the agreement between the parties and the alleged failure of consideration by reason of failure to convey clear title, fraudulent misrepresentation, allegations of fraudulent inducement and his detrimental reliance thereon, all supported by affidavit and supporting documents including the written contract draft originally prepared by Birds but never executed. That agreement repeatedly mentions that the sale of the corporate stock includes all the corporate assets, which encompass "lands and buildings," which strongly implies that Birds did intend to convey all the corporate assets in this sale.

In their reply to Coleman's response to their motion for summary judgment, the Birds admitted a contractual arrangement between the parties was the basis of the note, but contended that the contractual transaction was limited to the sale of stock and did not include the purchase of corporate assets. They argued that Coleman received all he bargained for, the outstanding stock, and therefore his claim of failure of consideration did not present substantial controversy as to a material fact requiring trial by the court.

In their reply to Coleman's counterclaim the Birds denied that a misrepresentation was made, but they presented no evidentiary materials to refute Coleman's evidence of his claim of fraud in support of his defense and counterclaim of fraud.

The trial court granted summary judgment in favor of Birds on their claim on the note and on Coleman's counterclaim. The trial court found that Coleman had defaulted under the terms of the note, that no genuine issue of fact existed to be tried and Birds were therefore entitled to judgment on their claim for collection of an unpaid promissory note in the amount of $87,000 and $10,700 in attorney's fees and costs.

There are numerous material facts at issue that make this summary judgment inappropriate: whether the corporate assets were included in the contractual agreement of the sale of Moon Petro–Chem to Coleman; whether the Texas property was unencumbered and the corporation had clear title; whether that representation was made by the

Birds and if so whether it was knowingly false and fraudulent and intended to induce Coleman to enter into the contract for sale; and whether Coleman's expenses in clearing the title were as alleged.

Coleman has alleged that he was damaged (1) because liens devalued the real property and thus the value of the corporation was below what he bargained for, and (2) because the Birds represented that the property was free and clear of all liens and caused him, in reliance, to misrepresent the status of the property on resale and be sued. Coleman argues the Birds' sale of the Moon Petro–Chem, Inc., with these misrepresentations was therefore a partial failure of consideration as well as breach of contract and fraud.

■ Coleman asserted that in evaluating and reaching a price for the purchase of corporation, he looked at the assets of the corporation and the corporations's income. Thus, because the Birds misrepresented the value of the stock, and because of the deficiency in the title which cost him to clear, he was damaged as a buyer and then as a seller for the Birds' partial failure of consideration. This Court held that "a partial failure of consideration is . . . a defense in an action on a note by the payee." See *Hart Industrial Supply Co. v. Craig*, 405 P.2d 93 (Okl.1965). *Strickland v. Hetherington*, 353 P.2d 138, 139 (Okl.1960), holds that "where the consideration of a note is disputed and there is conflicting testimony, the jury must decide the point." "Where lack of consideration for a note is pleaded as a defense, parol evidence may be presented to show the lack of consideration." *Id.* at 140. *Accord, Hawkins v. McElhanon*, 315 P.2d 667 (Okl.1957).

In addition to pleading affirmative defenses, including fraud, Coleman alleged counterclaim for fraud. The Birds never moved for summary judgment on the counterclaim. It was not addressed by their brief on summary judgment and Coleman's allegations of fraud were never refuted. Despite the failure of Birds to even address the counterclaim of fraud, the trial court nonetheless granted them summary judgment on the counterclaim.

■ Coleman alleged with sufficiency a counterclaim based on fraud. *Johnson v. Eagle*, 355 P.2d 868 (Okl.1960). The court was not free to ignore Coleman's counterclaim and treat the allegations of fraud as a matter of defense only.

■ A counterclaim is a distinct and separate cause of action from the original action. Because the defendant becomes the plaintiff when a counterclaim is interposed, our pleading code recognizes that a reply to a counterclaim is required just as an answer is required for the petition. 12 O.S. 1991 § 2007(A). Because a counterclaim is a distinct action it may proceed to trial and judgment even if the opposing claim is dismissed or otherwise disposed of. 12 O.S. 1991 § 2013(I). See generally ·*Federal Deposit Ins. Corp. v. Moss*, 831 P.2d 613 (Okl.1991); *Perrault v. Holland*, 360 P.2d 240 (Okl.1961).

■ Coleman alleged that fraudulent material representations by the Birds, on which he relied, have damaged him. Actual fraud is always a question of fact. 15 O.S. 1991 § 60. The existence of fraud, properly alleged by one party and denied by the other, is for the jury. *Operators Royalty & Producing Co. v. Greene*, 173 Okla. 388, 49 P.2d 499 (1935). We held in *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 176–177 (Okl. 1988):

> "The elements of actionable fraud are that the defendant made a material representation that was false, that he knew when he made the representation that it was false, and that he made it with the intention that it should be acted upon by plaintiff, and that plaintiff acted in reliance upon it and thereby suffered detriment."

In *Dalton v. Hopper*, 74 Okla. 127, 177 P. 571, 573 (1919), this Court held:

> "In a transaction involving the sale of stock in a corporation, representations as to the financial condition of the company . . . the value of its stock . . . made with the view to induce another to subscribe therefore, are representations of matters of fact . . . and when relied upon by the purchaser of said stock, if false, constitute actionable fraud."

Summary judgments are not favored. A motion for summary judgment is proper only when the pleadings, affidavits, depositions, admissions and other evidentiary materials establish that there is no genuine issue of any material fact, and that the moving party is entitled to judgment as a matter of law. All conclusions drawn from evidentiary materials must be viewed in the light most favorable to the party opposing the motion. Even when basic facts are undisputed, motions for summary judgment should be denied if, under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts. *State, ex rel., Hettel v. Sec. Nat'l. Bank & Trust in Duncan,* 922 P.2d 600 (Okl.1996); *Buckner v. General Motors,* 760 P.2d 803 (Okl.1988).

The material facts surrounding the terms of the contract, Coleman's affirmative defenses to Birds' claims and Coleman's entire counterclaim were in sharp dispute. Accordingly, we hold that summary judgment was premature and improperly granted to the Birds on their claim for recovery against Coleman.

The judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

SUMMERS, V.C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, ALMA WILSON and WATT, JJ., concur.

KAUGER, C.J., not participating.