2003 OK CIV APP 17

**Jill RITTER and Tom Ritter,
Plaintiffs/Appellants,**

v.

**The BITUMINOUS CASUALTY
COMPANY, Defendant/Appellee.**

**No. 97,332.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 31, 2002.

Rehearing Denied Dec. 5, 2002.

Certiorari Denied Feb. 11, 2003.

Charles F. Alden, III, H. David Hanes, Hudson & Alden, Oklahoma City, OK, for Appellants.

Robert N. Naifeh, Jr., Derryberry, Quigley, Solomon & Naifeh, Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Vice–Chief Judge:

¶ 1 Plaintiffs/Appellants Jill and Tom Ritter (the Ritters or Plaintiffs) seek review of the trial court's order granting the motion for summary judgment of Defendant/Appellee The Bituminous Casualty Company (Bituminous or Defendant) on the Ritters' negligence claim. Finding Bituminous neither owed nor breached any duty to the Plaintiffs, we hold the order of the trial court should be affirmed.

¶ 2 Wittwer Construction Company hired Gene Lile Devine in November 1999, and— pursuant to its policies and procedures— transmitted Devine's name and driver's license number to its insurance agent in order to determine Devine's insurability.[1] Wittwer's insurance agent transmitted Devine's name and driver's license number to Bituminous, and Bituminous—through an agency providing that service—obtained Devine's Motor Vehicle Record (MVR), reflecting no driving offenses for the previous three years.

¶ 3 In May 2000, while operating an insured Wittwer vehicle, Devine collided with the vehicle driven by Mrs. Ritter, who suffered serious injury. The Ritters subsequently commenced the present action against Devine, Wittwer, and Bituminous, alleging negligence on the part of all three.

---

1. Daniel Wittwer testified:

    If we are going to employ someone that will drive a company vehicle for us, their driving record is checked by our insurance carrier to see how safe a driver they are, as to whether or not our insurance company will ensure [sic] them.

As against Bituminous,[2] they alleged negligence for "authorizing" and "allowing" Devine to drive for Wittwer after conducting an MVR covering only the preceding three years and failing to explore Devine's employment history.

¶ 4 Bituminous filed a motion for summary judgment, asserting no duty to the Ritters. Bituminous further asserted no breach of duty, if any there was, having obtained Devine's MVR for three years previous, the maximum permitted or available by statute. See, 36 O.S.1991 § 942[3]; 47 O.S. Supp.1999 § 6–117(H).[4,5]

¶ 5 The Ritters responded, presenting evidentiary materials argued to show that Wittwer delegated to Bituminous the duty to inquire into the driving record of prospective employees, and to decide which of Wittwer's prospective employees would be permitted to drive company vehicles, i.e., the duty to select reasonably competent drivers of company vehicles. See, Hudgens v. Cook Industries, Inc., 1973 OK 145, ¶ 18, 521 P.2d 813, 816[6]; Holland v. Dolese Co., 1982 OK 43, ¶ 10, 643 P.2d 317, 321.[7] The Ritters further argued the evidentiary materials demonstrated that Bituminous breached its duty by failing to inquire into Devine's more remote driving record which would have shown his history of two prior alcohol-related offenses in 1989 and 1994, and that Bituminous' breach of duty caused or contributed to the Ritter's injuries.

¶ 6 On consideration of the submitted authorities and materials, the trial court granted summary judgment to Bituminous. The Ritters appeal, and the matter stands submitted to this Court for accelerated review on the trial court record.[8]

¶ 7 Even if we accept as given the duty of Wittwer, as employer, to select reasonably competent drivers, and Wittwer's potential

---

2. All other causes of action pursued below have been disposed of and are not a part of this appeal.

3. That section provided:

   A. Any insurance carrier that issues motor vehicle liability or collision insurance policies in this state shall not establish or apply premium rates, increase premium rates, cancel a policy, or refuse to issue or renew a policy, based on any traffic record maintained by the Department of Public Safety which covers a period of time more than three (3) years prior to the date the insurance carrier makes a determination to take any such action.
   B. The Insurance Commissioner may suspend or revoke, after notice and hearing, the certificate of authority to transact insurance business in this state of any insurance carrier violating the provisions of this section or may censure the insurer or impose a fine.

4. That section provided in pertinent part:

   The Department of Public Safety or any motor license agent upon request shall prepare and furnish a summary to any person of the traffic record of any person subject to the provisions of the motor vehicle laws of this state. Said summary shall include the enumeration of any motor vehicle collisions, reference to convictions for violations of motor vehicle laws, and any action taken against the person's privilege to operate a motor vehicle, as shown by the files of the Department for the three (3) years preceding the date of the request. . . . .

5. Now see, 47 O.S. Supp.2000 § 6–117(D).

6. "Where there is foreseeable risk of harm to others unless precautions are taken, it is the duty of one who is regularly engaged in a commercial enterprise which involves selection of motor carriers as an integral part of the business, to exercise reasonable care to select a competent carrier. Failure to exercise such care may create liability on the part of the employer for the negligence of that carrier. If there is competent evidence tending to show that such employer knew, or in the exercise of reasonable care should have known, that the independent contractor was not such a driver, and reasonable men might draw conflicting conclusions on the matter, then whether or not the employer was negligent in the discharge of his duty to select a competent contractor becomes a question to be determined by the trier of the fact." (Citations omitted.)

7. Absent evidence that the independent contractor/motor carrier "was an incompetent contractor or that [the motor carrier's employee] was an incompetent driver[,] . . ., defendants' care or lack of it in selecting [the motor carrier] as a contractor and in accepting [carrier's employee] as the driver could not be the proximate cause of the accident and resultant injuries[, and] [u]nless such failure to select a competent contractor has a causal connection with the injury, such failure is not actionable."

8. Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

liability to third persons for breach of that duty, we find no evidence that Wittwer delegated, or Bituminous undertook, any duty other than to determine whether Wittwer's potential employees possessed a satisfactory driving record *for insurance purposes only,* and the fact that Bituminious may have agreed to insure "key" or "critical" Wittwer employees with less than a stellar driving record does not, in our opinion, broaden that duty as the Ritters aver. In this respect, Bituminous could not, by force of statute, base its decision whether to insure potential Wittwer employees on a driving record older than three years. 36 O.S. § 942(A). Indeed, if Bituminous based its decision otherwise, it faced the potential loss of its certificate of authority to transact business in this state. 36 O.S. § 942(B). Under these facts and circumstances, we cannot say the trial court erred in granting Bituminous' motion for summary judgment.

¶ 8 The order of the trial court is therefore AFFIRMED.

JONES and BUETTNER, JJ., concur.