HAYES v. LOGISTICARE SOLUTIONS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HAYES v. LOGISTICARE SOLUTIONS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HAYES v. LOGISTICARE SOLUTIONS
2021 OK CIV APP 38
Case Number: 119144
Decided: 09/02/2021
Mandate Issued: 09/30/2021
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2021 OK CIV APP 38, __ P.3d __

 

JERRY HAYES, as Special Administrator for the Estate of Shannon Moyer, Deceased, Plaintiff/Appellant,
v.
LOGISTICARE SOLUTIONS, LLC, Defendant/Appellee,
and
MORGAN 24 HOUR MEDICAL ESCORT, LLC, and NICHOLAS DECAMP, Defendants.

APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE SHEILA CONDREN, JUDGE

AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Michaal E. Carr, CARR & CARR, Tulsa, Oklahoma, for Appellant,

William S. Leach, Jessica L. Dickerson, McAfee & Taft, a Professional Corporation, Tulsa, Oklahoma, for Appellee.

Bay Mitchell, Judge:

¶1 Plaintiff/Appellant Jerry Hayes (Hayes), as Special Administrator of the Estate of Shannon Moyer (Moyer), seeks review of the trial court's summary judgment order finding Defendant/Appellee LogistiCare Solutions, LLC (LogistiCare) was not the principal of Defendant Morgan 24 Hour Medical Escort, LLC (Morgan Medical). After de novo review, we agree that Morgan Medical was not the agent of LogistiCare. However, because the court failed to fully consider Hayes' alternative theory of liability, it erred by granting judgment to LogistiCare as a matter of law. We affirm in part, reverse in part, and remand.

¶2 SoonerRide is a state-wide, non-emergency transportation benefit available to members of Oklahoma's Medicaid program, SoonerCare. In 2018, the Oklahoma Health Care Authority awarded LogistiCare a contract to administer the SoonerRide program on its behalf. SoonerCare participants request transportation through LogistiCare, and LogistiCare assigns the job to a local third-party transportation provider. Morgan Medical is one of LogistiCare's contracted transportation providers.

¶3 Moyer was involved in an accident on February 24, 2018 while being transported by Nicholas Decamp, a driver for Morgan Medical. Decamp allegedly drove the vehicle without ensuring Moyer was belted into her wheelchair. During the trip, he braked suddenly, causing Moyer to fall out of her chair and break her leg. He transported her to the hospital, where she died thirty days later of "respiratory failure due to volume overload and pneumonia" with multiple contributing factors.

¶4 Hayes, as special administrator of Moyer's estate, brought an action against Decamp, Morgan Medical, and LogistiCare seeking recovery for her wrongful death. The petition lists three alternative theories of liability against LogistiCare. First, Hayes alleged LogistiCare was liable because Morgan Medical and Decamp were its agents. Second, he claimed LogistiCare was liable for its negligence in hiring Morgan Medical. Finally, he argued LogistiCare was liable because the work performed was inherently dangerous.

¶5 Hayes moved for partial summary judgment against LogistiCare on the issue of agency, arguing Morgan Medical was LogistiCare's agent because LogistiCare exercised significant control over Morgan Medical. LogistiCare filed a cross-motion for summary judgment on the same issue. It contended the parties' contract expressly stated Morgan Medical was an independent contractor. It argued the contract's "common sense" vehicle and driver safety provisions were required by LogistiCare's own contract with the State and did not demonstrate that LogistiCare had a right to control Morgan Medical. It claimed it had no control over Morgan Medical's daily operations and had made no decisions that were causally related to the accident. In a January 22, 2020 order, the trial court found there were no genuine issues of material fact, denied Hayes' motion for summary judgment, and granted LogistiCare's motion. Hayes appeals.

¶6 Summary judgment is appropriate where the record establishes no genuine issue of material fact and the prevailing party is entitled to judgment as a matter of law. Miller v. David Grace, Inc., 2009 OK 49, ¶10, 212 P.3d 1223. Whether summary judgment was properly granted is a question of law which we will review de novo. Barker v. State Insurance Fund, 2001 OK 94, ¶7, 40 P.3d 463. Summary judgment should be denied if reasonable persons might reach different inferences or conclusions from the undisputed facts. Bird v. Coleman, 1997 OK 44, ¶20, 939 P.2d 1123. "In a de novo review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact." Barker, ¶7.

¶7 Generally, "a person who performs work through an independent contractor is not liable for damages to third persons caused by the negligence of the contractor[.]" Le v. Total Quality Logisitics, LLC, 2018 OK CIV APP 71, ¶5, 431 P.3d 366. A principal, however, is ordinarily bound by the acts of his agent. C.H. Stuart, Inc. v. Bennett, 1980 OK 135, ¶23, 617 P.2d 879. An agency relationship exists where two parties agree one is to act for the other. McGee v. Alexander, 2001 OK 78, ¶29, 37 P.3d 800. "The essential factor in any agency relationship is the principal's right to control the conduct of the agent." Murray County v. Homesales, Inc., 2014 OK 52, ¶15, 330 P.3d 519. "The parties' status is revealed by considering the intent and effect of the contractual language in conjunction with the parties' actual conduct." Enterprise Mgmt. Consultants, Inc. v. State ex rel. Okla. Tax Comm'n, 1988 OK 91, n. 12, 768 P.2d 359. If the facts relied on to establish the existence of an agency are undisputed and conflicting inferences cannot be drawn, whether or not an agency exists "is [a] question of law for the court." Keel v. Titan Constr. Corp., 1981 OK 148, ¶3, 639 P.2d 1228 (footnote omitted).

¶8 The agreement between LogistiCare and Morgan Medical explicitly states their relationship "is solely that of independent contractors" and that "nothing in this agreement or otherwise shall be construed or deemed to create any other relationship including one of employer and employee or principal and agent[.]" Hayes claims, notwithstanding this provision, that there are material questions of fact on the issue of agency because Morgan Medical and LogistiCare's contract is "quite detailed."

¶9 An extensive contract does not in and of itself create an agency relationship or a factual question as to whether one exists. As noted by the trial court, the contract is necessarily detailed because it involves a public service. Hayes does not explain which specific terms of the contract or actions of LogistiCare demonstrate LogistiCare's right to control Morgan Medical, and he does not dispute that Morgan Medical retained control of its daily operations, including the hiring and firing of drivers, which vehicles and drivers to use for particular transportation, and what route to take. While LogistiCare established certain policies and standards to which Morgan Medical was to adhere, we find such policies and standards do not rise to the level of supervision, dominion, and control over Morgan Medical's day-to-day activities as to make it LogistiCare's agent. Neither Hayes nor the record convinces us that LogistiCare is in actuality Morgan Medical's principal or that there are disputed material facts on this issue.

¶10 We also do not agree with Hayes' suggestion that the court improperly found the public service nature of the contract created "some sort of exception" to prior jurisprudence regarding agency, nor do we agree that the court's focus on the nature of the contract was erroneous because LogistiCare is a private company. The court merely noted that the quantity of contract provisions was understandable based on the type of contract at issue. Its ultimate ruling -- that Morgan Medical was not an agent of LogistiCare -- was properly based on findings concerning LogistiCare's control, or lack thereof, of Morgan Medical.

¶11 We agree, however, that the court erred by granting summary judgment to LogistiCare on Hayes' alternative theory -- namely, that even if Morgan Medical is an independent contractor, LogistiCare is responsible for its actions because the work is inherently dangerous. Under this doctrine, an employer engaged in an inherently dangerous activity "has a duty to anticipate and guard against events which may reasonably be expected to occur because of the inherently dangerous nature of the industry" and "cannot avoid liability for breach of this duty by delegating it to an

independent contractor." Bouzidan v. Alfalfa Elec. Cooperative, Inc., 2000 OK 50, ¶25, 16 P.3d 450.

¶12 In deciding that this case does not involve an inherently dangerous activity as a matter of law, the trial court reasoned, "[Hayes] describes the work as transporting people in wheelchairs unbelted. The issue, however, is not whether transporting a wheelchair patient without a seatbelt is inherently dangerous, but rather whether transporting Medicaid patients to their healthcare appointments is inherently dangerous."

¶13 The trial court incompletely framed the issue. The inherently dangerous activity doctrine "is sufficiently comprehensive to include not only work, which from its description is 'inherently' or 'intrinsically dangerous,' but also work which will in the ordinary course of events cause injury to others if certain precautions are omitted, but which may as a general rule be executed with safety if those precautions are taken." Hudgens v. Cook Industries, Inc., 1973 OK 145, ¶11, 521 P.2d 813 (emphasis added) (citing Burke v. Thomas, 1957 OK 154, ¶26, 313 P.2d 1082, 1088).[1] Under this description of "inherently dangerous activity," both issues identified by the court are relevant for determining whether LogistiCare and Morgan Medical were engaged in an inherently dangerous activity. Transporting Medicaid patients to their appointments may not be "inherently" or "intrinsically" dangerous. However, the trial court must also consider whether the risk that physical injury to a wheelchair patient would occur "in the ordinary course of events" of transporting Medicaid patients if seat belt precautions are omitted is one LogistiCare should recognize.

¶14 The trial court erred by failing to consider the second kind of inherently dangerous activity -- that is, work which creates a peculiar risk of physical harm if special precautions are not taken. Accordingly, we reverse and remand for the court to consider whether LogistiCare and Morgan Medical were engaged in work "which will in the ordinary course of events cause injury to others if certain precautions are omitted, but which may as a general rule be executed with safety if those precautions are taken." Hudgens, 1973 OK 145, ¶11, 521 P.2d at 815.

¶15 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

GOREE, P.J., and BELL, J. (sitting by designation), concur.

FOOTNOTES

[1] This principle is further described in the Restatement (Second) of Torts §§413 and 416.

Section 413 provides, where an employer hires an independent contractor "to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken," the employer has a duty to provide for such precautions in its contract with the independent contractor or otherwise exercise reasonable care to ensure its contractor takes such precautions. Restatement (Second) of Torts §413. Even where the employer provides for such precautions in the contract or otherwise, it is subject to liability for physical harm caused by the independent contractor's failure to take the provided-for precautions. Restatement (Second) of Torts §416.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2018 OK CIV APP 71, 431 P.3d 366, LE v. TOTAL QUALITY LOGISTICS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 91, 768 P.2d 359, 59 OBJ 1963, Enterprise Management Consultants, Inc. v. State ex rel. Oklahoma Tax Com'n
Discussed
 1997 OK 44, 939 P.2d 1123, 68 OBJ 1161, Bird v. Coleman
Discussed
 1957 OK 154, 313 P.2d 1082, BURKE v. THOMAS
Discussed
 2001 OK 78, 37 P.3d 800, 72 OBJ 2734, MCGEE v. ALEXANDER
Discussed
 2001 OK 94, 40 P.3d 463, 72 OBJ 3283, BARKER v. STATE INS. FUND
Discussed
 1973 OK 145, 521 P.2d 813, HUDGENS v. COOK INDUSTRIES, INC.
Discussed at Length
 2009 OK 49, 212 P.3d 1223, MILLER v. DAVID GRACE, INC.
Discussed
 2014 OK 52, 330 P.3d 519, MURRAY COUNTY v. HOMESALES, INC.
Discussed
 1980 OK 135, 617 P.2d 879, C. H. Stuart, Inc. v. Bennett
Discussed
 1981 OK 148, 639 P.2d 1228, Keel v. Titan Const. Corp.
Discussed
 2000 OK 50, 16 P.3d 450, 71 OBJ 1753, BOUZIDEN v. ALFALFA ELECTRIC COOPERATIVE, INC.
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA